STATE OF MISSOURI EX REL. ORSCHELN BROTHERS TRUCK LINES, AP-
PELLANT, V. PUBLIC SERVICE COMMISSION OF MISSOURI, RESPOND-
ENT.—110 S. W. (2d) 364.

Kansas City Court of Appeals.   November 27, 1937.

*Frank E. Atwood* and *D. D. McDonald* for appellant.

*James P. Boyd* and *Daniel C. Rogers* for respondent.

CAMPBELL, C.—This proceeding was commenced before the
Public Service Commission of Missouri against Orscheln Brothers
Truck Lines, Inc., by the filing of the complaint of Anderson Motor
Service Company, Inc., and Brashear Truck Company, Inc.   The
substance of the complaint was that Orscheln Brothers Truck Lines,
Inc., were transporting through freight from Kansas City to St. Louis
and from St. Louis to Kansas City over U. S. Highway No. 40 without
having obtained authority of the Public Service Commission to do so.

The prayer was that the commission issue an order directing that
the said Orscheln Brothers Truck Lines, Inc., cease and desist from
said operations.   The answer of the Orscheln Brothers Truck Lines,
Inc., challenged the power of the commission to determine the matters
in controversy; alleged that any attempt by the Public Service Com-
mission to exercise jurisdiction in the matter was in contravention of
Article 3 of the Constitution of Missouri for the reason that said
commission had no authority to exercise judicial power; that said
Orscheln Brothers Truck Lines, Inc., was the holder of a certificate
of convenience and necessity No. T-403 which authorized it to per-
form the services complained of; and that the matters complained
of were before the commission in case No. T-2110 and it was therein

decided that it had authority to receive and transport property between the cities of St. Louis and Kansas City.

The complaint was heard and sustained by the commission and the said Orscheln Brothers Truck Lines ordered to refrain from transporting through freight between St. Louis and Kansas City directly over highway No. 40, and that it should confine its operations between those two points to the routes otherwise authorized.

In due time and in the proper form the proceeding was lodged in the circuit court of Cole county by the said Orscheln Brothers Truck Lines, Inc. Upon the hearing in the circuit court the order of the commission was affirmed and the Orscheln Brothers Truck Lines, Inc., hereinafter called appellant, appealed.

The evidence on behalf of the complainants was to the effect that each of them held a certificate of convenience and necessity authorizing the transportation of freight by motor from Kansas City to St. Louis and from the latter city to the former over U. S. Highway No. 40.

In making its defense the appellant introduced in evidence various certificates of convenience and necessity authorizing it to operate as a freight-carrying motor carrier..

The first certificate obtained by appellant was T-403. That certificate entitled it to operate as a freight-carrying motor carrier over a regular route described as follows:

"Moberly over U. S. State Highway No. 63 to junction with State Highway Number 22, thence over State Highway No. 22 to junction with U. S. State Highway No. 54 at Mexico, thence over U. S. State Highway No. 54 to junction with U. S. State Highway No. 40 at Kingdom City, thence over U. S. State Highway No. 40 to St. Louis and return. . . . Moberly over U. S. State Highway No. 63 to Jefferson City and return. Moberly over State Highway No. 24 to junction with State Highway No. 20 at Huntsville, thence over State Highway No. 20 to junction with State Highway No. 5 at Glasgow, thence over State Highway No. 5 to junction with U. S. State Highway No. 40, thence over U. S. State Highway No. 40 to Boonville, thence over U. S. State Highway No. 40 from Boonville to Kansas City, with authority to pick up and discharge property at Moberly, Clark, Sturgeon, Centralia, Mexico, St. Louis, Kirksville, La Plata, Atlanta, Macon, Jacksonville, Cairo, Columbia, . . . Boonville and Kansas City."

Thereafter the present complainants filed with the commission a complaint (case No. T-2110) against the appellant, charging they were authorized motor carriers of property between St. Louis and Kansas City and that the present appellant had not obtained authority to render such service. The complaint was heard and findings of fact made, no part of which is material in the instant proceeding except the following:

"A further review of the evidence directed specifically to the question at issue herein conclusively shows that respondent (appellant here) should have been authorized to transport property from St. Louis to Kansas City and from Kansas City to St. Louis over the routes specifically described in the certificate (T-403) heretofore issued. It is further shown that respondent should have been authorized to serve the points along its several routes specifically named in its certificate both to and from St. Louis and Kansas City."

The complaint was dismissed by the commission.

In case No. T-2719 the commission ordered that the authority granted to Vernon A. Worts under certificate T-553 be transferred to appellant and merged under certificate T-403. The authority under certificate T-553 was as follows:

"Regular Route No. 1: Bunceton over County Road to State Highway No. 5, thence over State Highway No. 5 to junction with U. S. State Highway No. 40, thence over U. S. State Highway No. 40 to Kansas City and return, with authority to pick up and discharge property at Bunceton, Speed, Billingsville, Belle Air, Pilot Grove and Kansas City.

"Regular Route No. 2: Bunceton over County Road to junction with State Highway No. 5, thence over State Highway No. 5 to junction with U. S. State Highway No. 50, thence over U. S. State Highway No. 50 to Smithton to pick up cream products for delivery at St. Louis.

"Regular Route No. 3: Bunceton over County Road to junction with State Highway No. 5, thence over State Highway No. 5 to junction with U. S. State Highway No. 40, thence over U. S. State Highway No. 40 to St. Louis and return, with authority to pick up and discharge property in Bunceton destined for Boonville and to pick up property in Boonville destined for Bunceton.

"Irregular Route: Trade territory contiguous to Bunceton, and from this territory to all points in Missouri and from all points in Missouri to this territory; subject to the limitations contained in the Missouri Bus and Truck Law of 1931 concerning the operation of a motor truck as a common carrier for hire over an irregular route."

In June, 1933, appellant filed application with the commission asking authority to render motor service over certain designated highways, among which U. S. Highway 40 from Boonville into Columbia. The application further stated that if the authority applied for was granted the applicant would not seek to transport freight from Kansas City to St. Louis or from St. Louis to Kansas City over Highway 40. The application was heard and order made therein on November 27, 1933, as follows:

"From Boonville over U. S. State Highway No. 40 to junction with U. S. State Highway No. 63 at Columbia, and thence over U. S. State

Highway No. 63 to Moberly, and from the junction of U. S. State Highway No. 54 and U. S. State Highway No. 40 at Kingdom City, over U. S. State Highway No. 40 to junction with U. S. State Highway No. 63 at Columbia, and thence over U. S. State Highway No. 63 to Moberly. With no other or additional authority as to the serving of points other than those heretofore authorized in Certificate or Convenience and Necessity No. T-403.''

None of the other orders of the commission which were introduced in evidence are material on this appeal.

In the instant case the commission found that appellant was not authorized to transport through freight between St. Louis and Kansas City directly over highway 40 "and that it should confine itself as between these two points to the routes specifically authorized."

It is not claimed that certificate T-403, as originally issued, authorized appellant to transport freight directly over highway 40 from Kansas City to St. Louis or from the latter city to the former. The certificates of other motor carriers acquired by appellant were "effective in like manner as though originally issued" to the appellant. Sub. Div. (c), section 5269, Laws 1931, page 308. The certificates acquired by appellant do not relate to through transportation from St. Louis to Kansas City or from Kansas City to St. Louis over highway 40.

The commission found the facts correctly and we cannot disturb its finding.

The appellant argues that the complaint calls "for a judicial determination of the rights of competing carriers, . . . for a judicial enforcement of such interpretation and determination—all beyond the powers vested in the public service commission."

The commission did not act judicially in making any of the orders nor in interpreting any of them. Every act of the commission was authorized by section 5267, Laws 1931, page 306. That section vested power and authority in the commission to supervise and regulate every motor carrier in the state, supervise schedules "and to supervise and regulate motor carriers in all matters affecting the relationship between motor carriers and the public" and by general order or otherwise regulate motor carriers and vested in the commission the same authority over motor carriers as it has over other common carriers.

In the case of State ex rel. v. Atkinson et al. Public Service Commission et al., 192 S. W. 66, the court held the public service commission was empowered to require a railroad to operate sleeping cars.

If the commission has authority to require a common carrier to do a specific thing in the transaction of its business, then it has power to order that such carrier refrain from transacting its business without authority of law.

In the case of Speas et al. v. Kansas City et al., 44 S. W. (2d) 108, 114, the plaintiffs sought to restrain the defendants from supplying water to nonresidents of the defendant city upon the theory that certain of its charter provisions were unconstitutional. The court held that the complaint was one which must in the first instance be heard and passed on by the public service commission. If the commission had power to hear and pass on the complaint in that case, then it certainly had power and authority to hear and pass on the complaint in the instant case. Power to hear and pass on a complaint necessarily implies authority to grant or refuse the relief sought.

It will not do to say that the commission cannot interpret its own orders. Denial of the power of the commission to ascribe a proper meaning to its orders would result in confusion and deprive it of power to function. In interpreting its orders it does not act judicially, but as a fact finding agency.

In the present case the commission interpreted its orders correctly. It must be remembered that in appellant's application T-2614, upon which the order of November 27, 1933, was based, it was expressly stated that appellant did not seek authority to transport freight from Kansas City to St. Louis or from St. Louis to Kansas City over highway 40. The appellant having expressly disclaimed it sought authority to transport freight between Kansas City and St. Louis over highway 40, should not now claim it has such authority.

From the facts stated, it is plain the order complained of was not unlawful, nor was it unreasonable.

The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.