STATE ex rel. PUBLIC WATER SUPPLY DISTRICT NO. 2 OF JACKSON COUNTY, Missouri, a Public Corporation, Relator, Respondent,

v.

Tyre BURTON, E. L. McClintock, Frank Iuen, William Barton, and Frank W. May, Members of the Public Service Commission, and the Public Service Commission, and Raytown Water Company, a Corporation, Intervenor, Appellants.

No. 50301.

Supreme Court of Missouri,

Division No. 1.

May 11, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied June 8, 1964.

Preston H. Longino, Kansas City, Glen D. Evans, Gen. Counsel, Thomas J. Downy, Asst. Gen. Counsel, for appellants.

Charles V. Garnett, Richard A. Erickson, Kansas City, Henry Andrae and Kenneth W. Shrum, Jefferson City, for respondent. Hendren & Andrae, Jefferson City, of counsel.

WELBORN, Commissioner.

This is a proceeding for review of an order of the Missouri Public Service Commission, dismissing a complaint before that agency of Public Water Supply District No. 2 of Jackson County, Missouri. The complaint charged that Raytown Water Company, a public utility supplying water in Jackson County, was providing service beyond the area included in its certificate of convenience and necessity issued by the Commission. The Public Service Commission found that the area in question was within the territory which Raytown Water Company had been authorized to serve and dismissed the complaint. The Cole County Circuit Court found the action of the Commission arbitrary, unlawful and unreasonable and remanded the matter to the Commission for further proceedings, consistent with the court's opinion which was entered in the case. The Public Service Commission and Raytown Water Company have appealed from such judgment.

A question of jurisdiction is presented by this appeal. Appellants originally took their appeal to the Kansas City Court of Appeals. That court, on motion, of the respondent asserting that this court had jurisdiction because the amount in dispute exceeded $15,000, transferred the appeal here. In this court, appellants have moved to remand to the Court of Appeals on the grounds that the case does not involve an amount in dispute which causes this court to have jurisdiction. Appellants' position is that the "sole matter of contention is whether or not Raytown Water Company has a right to service the area in dispute." Relying on Pitcairn, et al. v. Public Service Commission, 338 Mo. 182, 90 S.W.2d 392, appellants contend that the right to service has no measurable pecuniary value, and, therefore, an amount in dispute such as would confer jurisdiction on this court is not involved.

The respondent, on the other hand, contends that the amount in dispute exceeds $15,000 because, if the relief sought should be granted, Raytown would lose the value of water mains which it has installed since October, 1961, in the area involved at a cost of $66,000. Appellants acknowledge that Raytown has spent in excess of $15,000 in the installation of mains and other facilities in the area, but deny that the amount of such expenditure is an "amount in dispute" for purposes of this court's jurisdiction.

The complaint before the Commission asked that the Commission take such action as might be required to prevent Raytown

service in the area. The value of the installation of Raytown Water Company in the area at issue appears from the record to have been greatly in excess of $15,000 at the time of the appeal. The loss to Raytown, in the event the relief sought by respondent should be granted, would, on the record before us, exceed $15,000. Therefore, this court has jurisdiction of the appeal. Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S.W.2d 776; Missouri Power & Light Co. v. Barnett, Mo. Sup., 354 S.W.2d 873(1); State ex rel. Sims v. Eckhardt, Mo.Sup., 322 S.W.2d 903, 905(1); Fleming v. Moore Bros. Realty Co., 363 Mo. 305, 251 S.W.2d 8(1).

Turning to the merits of the appeal, Raytown Water Company was incorporated in 1925. At that time, the Raytown community was an unincorporated area in Jackson County, lying southeast of Kansas City. The company proposed to construct an 8-inch main some 3¼ miles in length, from the Kansas City Municipal Farm to Raytown, through which it would obtain water from the City of Kansas City and supply it to its customers through some 30 to 35 miles of distribution system. Raytown Water Company filed an application with the Missouri Public Service Commission for "permission to exercise a franchise granted by the County Court of Jackson County, Missouri, as a public utility * * *." The application stated:

"(b) A map was filed with said application to the County Court of Jackson County, Missouri showing principally the main lines of the proposed water distribution system. A copy of this map is attached to the certified copy of the petition to the County Court, which has been made a part of this application and which has been designated Exhibit #3. Reference is hereby made to this map. In addition to the water lines shown on this map it is contemplated that other water lines and extensions will be constructed into other districts in Jackson County. The applicant respectfully requests that permission be given to exercise the franchise generally within the boundaries of Jackson County, Missouri.

"WHEREFORE, applicant asks that the Public Service Commission of the State of Missouri grant to it a Certificate of Public Convenience and Necessity for the exercise of franchise or permit to construct and operate a water distribution system which said franchise or permit has previously been granted to it by the County Court of Jackson County, Missouri." ·

Attached to the application before the Public Service Commission was a certified copy of the company's application in the Jackson County Court for permission to "lay water mains along the Jefferson Highway from the Municipal Farm to Raytown for the purpose of furnishing water service to residents along said Jefferson Highway and the citizens of Raytown and vicinity. A more particular direction of lines asked for by this petition is set out on map, marked Exhibit A, attached hereto, and made part of this petition."

A copy of this map is not part of the record here. However, there is a certified copy of an order of the Jackson County Court, dated March 6, 1925, approving the request of the company and enumerating 17 roads and highways along which application had been made for permission to lay mains. Generally, the roads designated were in an area bounded by the Kansas City city limits on the west, Blue Ridge Boulevard on the north and east and apparently 79th Street on the south. The order stated:

"It appearing to this Court that said Raytown Water Company, a duly authorized company, organized for the purpose of furnishing water to the residents of the vicinity of said roads heretofore set out, proposes to furnish water to the citizens along aforesaid roads as set out, it is therefore ordered

that said request for such permit to lay said water mains along the various County roads heretofore described, by the Raytown Water Company, be and the same is hereby granted in so far as the authority of this court exists over the various roads heretofore described."

The report of the Public Service Commission on the company's application stated:

"Application having been made by The Raytown Water Company, a Missouri corporation, to the Public Service Commission of Missouri, under the provisions of the Public Service Commission Law, for a Certificate of Convenience and Necessity authorizing the applicant to exercise a franchise to construct and operate a water distribution system heretofore granted said applicant by the County Court of Jackson County, Missouri, * * *."

The order issued by the Commission, on July 9, 1925, included the following:

"ORDERED: 1. That the Commission does hereby authorize and consent to the construction and operation by The Raytown Water Company of the water distribution system described in the application and at the hearing."

A waterworks system was thereupon constructed by the company. As of September 1, 1939, the southern limits of the system installed were Gregory Road or 71st Street and U. S. Highway 50 in Jackson County. In the meantime, Public Water Supply District No. 2 had been incorporated by the Jackson County Circuit Court in 1935, under present Sections 247.010–247.220, RSMo 1959, V.A.M.S. Generally, the territory included in the district was to the south of the Raytown community. The limits of the district included some of the streets and roads on which the Jackson County Court's order had permitted Raytown to lay its mains, including 79th Street.

The district constructed its water distribution system in an area generally south of 65th Street in the southeastern quarter of the City of Raytown. In the southwest portion of the original City of Raytown, Raytown Water Company served as far south as 75th Street and District No. 2 served as far north as 61st Street in an area approximately two blocks wide, immediately adjacent to the Kansas City city limits.

The vague description of the Raytown service area produced conflict with other companies operating in the area. By a proceeding in 1937 and 1939, the Commission approved a line of demarcation between Raytown and the Independence Water Company, which operated to the north and east of the Raytown area. At that time, the northern and eastern boundaries of the Raytown service area were fixed, but no effort was made in such proceeding to establish a line between the Raytown service area and District No. 2. Raytown Water Company v. Independence Water Works Company, 25 Mo.P.S.C. 73, 32 P.U.R.(NS) 117.

In 1949, District No. 2 filed a complaint before the Public Service Commission in which it charged that Raytown was proposing to operate beyond its service area by providing service in an area generally described as a triangle, bounded by 63rd Street on the north, U. S. Highway 50 on the southwest and Blue Ridge Boulevard on the northeast. This area was within the general limits of the territory of Raytown as defined in the 1925 Jackson County Court order. The area was also included within the boundaries of District No. 2. After a hearing, the Commission dismissed the complaint on the grounds that the area was within the limits of the service area granted Raytown in its original certificate from the Commission. Public Water Supply Dist. No. 2 of Jackson County, Missouri v. Raytown Water Co., 2 Mo.P.S.C. (NS) 462, 85 P.U.R.(NS) 321.

In 1950, Raytown was incorporated as a city. Generally speaking, its south boundary was 75th Street and its northern boundary 53rd Street. Included within the city limits was area served by Raytown Water Company in the north part of the city and by District No. 2 in the south. Subsequently, by annexation, the southern city limits were extended to just below 87th Street, the annexed area being within the limits of District No. 2. Annexations by Kansas City and Independence have resulted in those cities now completely surrounding Raytown. Those annexations have had the effect of limiting the service areas of both Raytown Water Company and District No. 2, because, in the areas annexed by Kansas City, the city took over the water distribution systems as part of the municipal system.

Since its incorporation in 1950, the City of Raytown has grown from a population of 550 to a population of approximately 25,000 at the time of the hearing before the Commission.

Around 1960, development for residential purposes of areas in the southwest part of the City of Raytown, from 81st to 87th Street, got under way. Prior to that time, Raytown Water Company had not offered service in that area south of 75th Street. Raytown had served an area bounded by Highway 50 on the north and 75th Street on the south, in the southwest corner of the original limits of the City of Raytown. This area was within the limits of District No. 2 and apparently there was some overlapping of service in this particular area. In 1961, the developers of the 81st to 87th Street area became dissatisfied with the offers of the Water District to supply water to the residences which they proposed to construct. At the request of these developers, Raytown installed an 8-inch main on 81st Street Terrace, making an attachment of its main to a large main of the Kansas City municipal water system which ran along the western boundary of the City of Raytown. The Kansas City muni-

cipal system was the source of supply for Raytown Water Company in the new area, as well as in the other portions of its service area.

Raytown Water Company laid mains along 81st Street Terrace, Spring Valley Road, 83rd Street and Elm Street. District No. 2 also had mains in those streets in the same area. Raytown laid additional mains and laterals on 82nd Street, 82nd Street Terrace and 85th Street. Laterals were also constructed into the three subdivision developments which were under way. These lines did not parallel those of District No. 2 on those streets, as the District lines either did not enter the area or stopped short of the area Raytown sought to serve.

The service by Raytown from its connection with the Kansas City municipal system at 81st Street Terrace was the subject of the complaint before the Commission. The District contended that the area was beyond that which Raytown had been authorized to serve in its certificate from the Commission and within the District's boundaries. The Public Service Commission found that the area in question was within the service area prescribed for Raytown by the Commission's 1925 order. The Circuit Court concluded that the Raytown service area, granted by the 1925 order, was limited by the franchise which it had received from the Jackson County Court and that, under such franchise, the company was not authorized to provide service south of 79th Street. The court set aside the order dismissing the complaint and remanded the cause to the Commission.

Essentially, the question presented is whether or not the 1925 order of the Commission, granting Raytown the right to operate as a public utility, authorized the company to serve an undefined area generally in the vicinity of the community of Raytown in Jackson County or whether the service area permitted thereunder was limited by the consent which Raytown obtained

598

from the Jackson County Court and which specified certain streets and roads on which Raytown was permitted to construct its waterworks system.

The appellants attack the judgment of the circuit court on the grounds that the court erroneously substituted its findings of fact in the matter for those of the Public Service Commission which were supported by substantial evidence. By Section 386.510, RSMo 1959, V.A.M.S., judicial review of an order of the Commission is limited to its "reasonableness or lawfulness." Many cases announce the proposition that, insofar as "reasonableness" is concerned, the courts accept factual findings of the Commission supported by competent and substantial evidence on the whole record, and that the courts cannot substitute their findings of fact for those of the Commission. State ex rel. Missouri Water Co. v. Public Service Commission, Mo.Sup., 308 S.W.2d 704, 713(2); State ex rel. Chicago R. I. & P. R. Co. v. P. S. C., Mo.Sup., 312 S.W. 2d 791, 796(3, 4); State ex rel. Hotel Continental v. Burton, Mo.Sup., 334 S.W.2d 75, 78(1).

Here we are concerned with the interpretation of the 1925 order of the Commission. In State ex rel. Orscheln Bros. Truck Lines, Inc. v. Public Service Comm., 232 Mo.App. 605, 110 S.W.2d 364, 366, the court upheld the right of the Commission to interpret its own orders, stating:

"It will not do to say that the commission cannot interpret its own orders. Denial of the power of the commission to ascribe a proper meaning to its orders would result in confusion and deprive it of power to function. In interpreting its orders it does not act judicially, but as a fact-finding agency."

See also State ex rel. Mo. Pac. Freight Transp. Co. v. Public Service Comm., Mo. App., 312 S.W.2d 363, 365.

In those cases, the interpretation was basically one of fact and findings of the Commission in such event would, on review, be accorded the same effect as other facts found by the Commission. However, interpretation is not necessarily limited to questions of fact. An order of an administrative agency must be construed in conformity with the authority under which it was issued. 2 Am.Jur.2d, Adm.Law, Section 474, page 283. Insofar as the inquiry on review relates to the authority under the law of the Commission, it relates to a question of law, not of fact, and the Commission's conclusions are not controlling on the courts. Here, the circuit court concluded that proper interpretation of the 1925 order of the Commission required that it be limited by the provisions of Section 393.170, RSMo 1959, V.A.M.S. Such determination presents a question of law, not of fact, for review.

At the time of the issuance of the original certificate to Raytown in 1925, Section 10481, RSMo 1919, now Section 393.170, RSMo 1959, V.A.M.S., was in effect. It provided then and provides now, in part, as follows:

"1. No gas corporation, electrical corporation or water corporation shall begin construction of a gas plant, electric plant or water system without first having obtained the permission and approval of the commission.

"2. No such corporation shall exercise any right or privilege under any franchise hereafter granted, or under any franchise heretofore granted but not heretofore actually exercised, or the exercise of which shall have been suspended for more than one year, without first having obtained the permission and approval of the commission. Before such certificate shall be issued a certified copy of the charter of such corporation shall be filed in the office of the commission, together with a verified statement of the president and secretary of the corporation, showing that it has received the required consent of the proper municipal authorities."

In compliance with the requirements of this section and the rules of the Commission, Raytown sought from the Jackson County Court its consent to the use of county roads and highways. No broad, general consent of the court was requested and none was granted. Instead, the request was limited to the use of specified roads and highways of Jackson County and the consent granted was in the same terms. The application of Raytown to the Commission did request permission to serve Jackson County, generally. However, if such authority could not be granted by the Commission absent the consent generally of Jackson County to the use of its roads and highways, that portion of the application which requested general authority to serve Jackson County could not determine the scope of the authority granted.

The necessity and effect of county court consent to the utilization by a public utility of county roads and highways in an unincorporated area of a county has regularly been recognized by the Commission itself. In Re Southwest Water Co., 25 Mo. P.S.C. 637, 41 P.U.R. (NS) 127, the Missouri Public Service Commission refused a certificate to a water company which sought to operate in Jackson County. Refusal was based upon the failure of the appellant to show that consent of the Jackson County Court to the use of the county roads and highways had been obtained. In answer to the contention that Section 393.170 does not apply in instances where a utility proposed to operate in unincorporated areas of a county, the Commission's report stated:

"An examination of the findings of this Commission for many years back will show that the Commission has consistently required a showing that the applicant has secured the consent of what is considered proper municipal authority before granting authority to own, lease, construct, maintain, and operate any water, gas, electric, or telephone system as a public utility. Consent of the city, town, village, the county court or the State Highway Commission, de-pending upon whether the line or system was to be placed within the incorporated city, within the unincorporated area of the county, or along a state highway, has always been made a condition precedent to the granting of such certificate by this Commission."

In Re Union Electric Co., 3 Mo. P.S.C. (NS) 157, 160, 88 P.U.R.(NS) 33, the Commission recognized that the permission granted by a county court, pursuant to Section 229.100, RSMo 1959, V.A.M.S., to a public utility to use the county roads is a "county franchise," supplying the consent required by Section 393.170.

If, as stated in Southwest Water Co., supra, the county "franchise" is a condition precedent to the issuance of a certificate by the Commission for an operation involving use of county roads in unincorporated areas of the county, it must follow that the authority which the Commission confers must be in accord with the "franchise" which the county grants. Otherwise, the requirements of Section 393.170, insofar as municipal consent is concerned, would be practically meaningless.

The courts have recognized that the corporate charter and the local franchise provide the fundamental bases for a public utility's operation and that the certificate of the Commission cannot enlarge the authority thereby conferred. In State ex rel. Harline v. Public Service Comm., Mo.App., 343 S.W.2d 177, 181(3), the court stated:

"The certificate of convenience and necessity granted no new powers. It simply permitted the company to exercise the rights and privileges already conferred upon it by state charter and municipal consent. State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W.2d 394, 89 A.L.R. 607. The certificate was a license or sanction, prerequisite to the use of existing corporate privileges."

Therefore, although the application of Raytown Water Company did request that the Commission grant it authority to lay its water mains generally throughout Jackson County, the Commission's authority to grant that prayer was necessarily limited by the requirement that the consent of Jackson County be obtained for the use of the county roads for such purpose. Viewed in such light, the authority granted by the order on Raytown's application to construct and operate the "water distribution system described in the application and at the hearing" must have referred to the system for which a county "franchise" had been granted, since that was the only system which the Commission had the power to authorize.

We need not here determine the extent to which a county "franchise," limited to specified roads and highways as this one was, is subject to enlargement in order to permit a utility to extend its system in order to meet the needs of its original area as it grows. See 43 Am.Jur., Public Utilities and Services, Section 47, page 601. Here, there is no question of the extension of the Raytown system which had been installed under the consent of the county court. Instead, Raytown sought to enter a new area, unconnected with its previous system.

■ To limit the authority granted Raytown by the 1925 order does not, as appellants contend, constitute a collateral attack, in violation of Section 386.550, RSMo 1959, V.A.M.S., on such order. Such limitation in no way questions the validity of the original order. Interpretation of an order necessarily acknowledges its validity and does not constitute a collateral attack. State ex rel. Orscheln Bros. Truck Lines, Inc. v. Public Service Comm., 232 Mo.App. 605, 110 S.W.2d 364, 366.

■ We are of the opinion that the order of the Commission on the 1949 complaint by District No. 2 against Raytown is not res judicata of the question here

presented. The issue in that case differed from the issue here. The area in which the right of Raytown to serve was upheld was clearly within the limits of the county court franchise. The mere fact that the Commission concluded that there was no necessity at that time for the determination of Raytown's southern boundary does not mean that such boundary did not exist.

As we have previously pointed out, the interpretation of the certificate in this case is primarily a matter of law. Therefore, it would not matter that, as appellants contend, the Commission's finding that the community of Raytown included the area in question is supported by competent and substantial evidence. Such contention would be relevant only if the certificate authorized the company to serve, generally, the Raytown community. In such event the Commission's finding of fact as to the limits of such community would be significant. In their contention, appellants assert that the circuit court, in concluding that 79th Street marked the southern limit of the company's service area, overlooked the consent by the county court in its 1925 order to the use by the company of 81st Street. The order does include the following among the roads and streets enumerated in it: "81st Street Road. From the eastern limits of Kansas City east to Coal Mine Road." Insofar as the record shows, no reliance has been placed upon this provision of the county franchise for the service here in question. There appears to be a possibility that this reference was erroneous. None of the maps in the record before us show that 81st Street Road intersected Coal Mine Road. The maps do show that 51st Street did so. Other roads and streets in such vicinity are included in the county franchise. Just what was referred to would be a factual matter, to be determined by the Commission.

■ We disagree with appellants' contention that the certificate of the company

should be construed to include the city limits of the City of Raytown when it was incorporated and as thereafter extended. When the certificate was issued in 1925, there was no incorporated City of Raytown. It did not come into existence until 1950. No franchise from the city is here relied upon. The subsequent incorporation of a city, named Raytown, did not, on the facts here presented, have the effect of enlarging the franchise which had been granted nor of limiting it to the incorporated city. In State ex rel. St. Joseph Water Co. v. Geiger, 246 Mo. 74, 154 S.W. 486, 487, L.R.A.1916A, 1060, relied upon by appellants, a municipal franchise had been issued and was held to have covered an extension of the city limits. No such franchise is involved here.

The circuit court's construction of the certificate does not permit the county court to limit a certificate issued by the Commission. The construction merely gives effect to Section 393.170. It is no answer to the requirements of that section to say that the roads and streets involved are no longer under the jurisdiction of the county court. At the time of the issuance of the certificate, the roads were under the court's jurisdiction and that body had the sole authority to grant the consent required as a condition precedent to the issuance of the certificate. Section 64.090, RSMo 1959, V.A.M.S., relating to county planning and zoning, has no application to the question here presented.

The judgment of the circuit court, remanding the cause to the Commission for further proceedings, is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.