**MISSOURI UTILITIES COMPANY, a Corporation, Appellant,**

v.

**SCOTT–NEW MADRID–MISSISSIPPI ELECTRIC COOPERATIVE,** Respondent.

**No. 54446.**

Supreme Court of Missouri, Division No. 2.

Feb. 9, 1970.

Jack L. Oliver, Oliver, Oliver & Jones, Cape Girardeau, for plaintiff-appellant.

James D. Sickal, Blanton, Blanton & Rice, Sikeston, for defendant-respondent.

HENRY I. EAGER, Special Commissioner.

In this case Plaintiff-Appellant, a regulated public utility incorporated under Missouri law, seeks to enjoin the defendant Cooperative, also organized under Missouri law (Ch. 394, RSMo 1959, V. A.M.S.), from extending its service in the incorporated Village of Miner, Scott County, to a new customer. Indeed, it also seeks an injunction against the continued service by defendant of 22 customers some of whom the defendant has been serving since before the incorporation of the Village in 1951. Plaintiff has also served customers in the Village for many years, and it was granted a nonexclusive franchise on April 6, 1961, approved by the voters on May 2, 1961. Defendant was denied a franchise by action of the voters of the Village on April 3, 1962, and June 19, 1962. We have determined that this Court has no jurisdiction of the cause, but we shall need to state certain of the facts to demonstrate this.

Plaintiff is serving 228 customers in the incorporated Village under its nonexclusive franchise; defendant, as stated, was serving 22 prior to the beginning of this controversy. Both were serving customers at the time of the incorporation. About September 23, 1968, defendant contracted with Mid-America Motels, Inc., to provide temporary electric service to the construction site of a proposed Ramada Inn in the Village of Miner, and on September 26 and 27 it did install that service

and energized the line. These parties also intended that defendant should furnish the permanent service to the Ramada Inn when completed. Defendant had not rendered any previous service to that location. Plaintiff protested defendant's action by letter of September 24, 1968, but to no avail. This suit was filed on September 30, 1968. The population of the Village is less than 1,500. After issuance of an order to show cause, a temporary injunction was issued, restraining defendant from "extending its existing electric power lines * * *" until further order. Plaintiff posted an injunction bond for $2,500. Upon final hearing the trial court found the above facts and others, most of which were stipulated, found that defendant had lost revenue because of the injunction, and that it had incurred expense; it fixed defendant's damages at $2,000, and rendered judgment for that amount on defendant's counterclaim. The Court concluded: that plaintiff had the right, under its nonexclusive franchise, to enjoin any others who were acting "unlawfully and without authority," but that defendant had the right under § 394.080, RSMo 1959, V.A.M.S., to provide service to all customers in rural areas within its geographical territory, including those in incorporated villages of less than 1,500 population (§ 394.080, § 394.020); that plaintiff was not entitled to restrain defendant from rendering the service in controversy, or any other service in the village. Plaintiff's petition was dismissed. Plaintiff's primary contention (not meaning to exclude others) is that defendant is not authorized to operate, and certainly not to extend the services existing prior to incorporation, in an incorporated town or village without the *consent* of that town or village. Defendant had received permission from the county court in 1938 to construct and maintain poles, wires, etc., for electric service over and along the public roads of the county; the parties do not, in any sense, agree as to whether this constitutes a true "franchise" which would effectively give defendant the right

to furnish electricity in the Village of Miner. We have omitted reference to an extension of electric service by defendant to one other customer, as to which matter the facts are not entirely clear, since that feature is wholly unnecessary to our present decision.

We have determined that this Court does not have jurisdiction of the cause under Section 3 of Article V of our Constitution. Plaintiff, in its jurisdictional statement, relies (1) upon the necessity of a supposed constitutional construction, and (2) upon a statement that the money value of the relief, granted or denied, exceeds $15,000. We consider (2) first. Plaintiff says, very unconvincingly, that plaintiff and defendant each claimed $7,500 in damages (defendant by a counterclaim) and that these claims "aggregated" $15,000. That contention is hardly worthy of discussion. Both parties could not win or lose and, so far as we know, no court has ever "aggregated" any such opposing claims to create jurisdiction. So far as concerns the "money value" of the relief, there is absolutely nothing in the record to show *any value,* either by way of loss to the defendant if relief should be granted, or gain or loss to the plaintiff if relief was granted or denied. In fact, there was no evidence whatever on any matters of value, even to support the court's finding of damage to defendant in the sum of $2,000; and, incidentally, the Court clearly liquidated the defendant's claim of damage at that sum. Where jurisdiction is claimed by reason of a monetary value or amount the record must affirmatively show the money value of the relief to plaintiff or the loss to defendant should the relief be granted, or vice versa should relief be denied. Kansas City Terminal Ry. Co. v. Manion, Mo., 290 S.W.2d 63; Keener v. Berry, Mo., 432 S.W.2d 223; Moretti v. Gustafson, Mo., 433 S.W.2d 809; Cooper v. School District of Kansas City, 362 Mo. 49, 239 S.W.2d 509. And the value or amount in dispute may not be left to

speculation or conjecture. Kansas City Terminal Ry. Co., supra. The value is to be considered as of the time the appeal was taken. Nagle v. Drew, Mo., 396 S.W. 2d 709. We have determined that the record here is wholly insufficient to show the existence of a monetary value within the jurisdiction of this Court.

The cases cited by plaintiff on this point, State ex rel. Public Water Supply District v. Burton, et al., Mo., 379 S.W.2d 593, and Missouri Public Service Co. v. Platte-Clay Electric Co-op., Inc., Mo., 407 S.W.2d 883, do not dictate a contrary conclusion. In the first, it had apparently been shown in evidence that the total cost of the waterlines laid by Raytown (from which plaintiffs sought to exclude it) was $66,000; the brief of respondents (presumably based on the evidence) states that nearly half of the total cost per foot of laying the line was exclusive of the value of the pipe itself. Thus, even if the pipe was salvaged, Raytown would have suffered an actual loss far in excess of $15,000. Whether the Court was correct or not in considering the total value of the installation by Raytown as the monetary value of the claim, it is perfectly obvious that there was an affirmative showing that the loss to Raytown would be far in excess of $15,000 if it was excluded from the area. There is no such evidence of value here. In the other case, Missouri Public Service Co. v. Platte-Clay Electric Co-op., Inc., plaintiff sought to exclude the defendant entirely from its operations in the area without payment of any compensation. There was evidence indicating that defendant's installations were of a value far in excess of $15,000, and indeed that it would cost the defendant $23,860 to *dismantle and remove them.* Neither of these cases has any real applicability here.

■ We now consider (1) above. The plaintiff, appellant here, did not raise any constitutional issue whatever in its pleadings, either the petition or the reply. Its first allegation thereof was a most general, and perhaps insufficient, allegation in its motion for a new trial, that the Judgment, Order and Conclusions of Law "will constitute a deprivation of the Plaintiff's property and business interests in violation of this plaintiff's constitutional rights as made and provided for by Amendments 5 and 14 of the Constitution of the United States, and Article 1, Subsection 10, of the Constitution of the State of Missouri." Regardless of the sufficiency of that allegation (which we need not decide, but see: Georg v. Koenig, Mo., 370 S.W.2d 356; State ex rel. Coates v. Parchman, Mo., 346 S.W. 2d 74; State ex rel. Chicago, Rock Island & P. R. Co. v. Public Service Commission, Mo., 429 S.W.2d 723), such a question is not timely raised when alleged for the first time in a motion for a new trial. In Re Appeal of Mac Sales Co., Mo., 256 S.W.2d 783; Litzinger v. Pulitzer Pub. Co., Mo., 356 S.W.2d 81, cert. denied 374 U.S. 831, 83 S.Ct. 1872, 10 L.Ed.2d 1053. A constitutional question must be raised at the earliest possible moment that good pleading and orderly procedure will permit, and it must be preserved at all stages thereafter. Meadowbrook Country Club v. Davis, Mo., 384 S.W.2d 611 (question raised at trial); Securities Acceptance Corp. v. Hill, Mo., 326 S.W.2d 65; Jacobs v. Leggett, Mo., 295 S.W.2d 825; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669; Witt v. City of Webster Groves, Mo., 383 S.W.2d 723. Also, there is nothing in the record here to show that any constitutional question was raised in or considered by the trial court, which has been held to be a prerequisite to its consideration on appeal. Kersting v. City of Ferguson, Mo., 388 S.W.2d 794.

■ The defendant alleged generally in its answer that a permanent injunction against it would violate its "constitutional rights to due process of law" and would deprive the defendant of its rights to "property and business interest" under Amendments 5 and 14 of the Federal Constitution and Article I, Section 10

of the Missouri Constitution. (Incidentally, plaintiff *denied* this allegation specifically in its reply, thus rejecting any constitutional issue.) Defendant made no further effort to preserve its supposed constitutional point, for as already indicated, no such question was presented to or decided by the trial court, and no reference whatever is made to any constitutional issue in defendant's brief here. Under these circumstances, plaintiff may certainly not take advantage of the mere allegation of such an issue in the answer of defendant. Plaintiff has rather haltingly and not very persuasively attempted to brief the now claimed constitutional point on the merits, but we need not consider its effectiveness, for the question is not in the case.

There is no possible ground of jurisdiction in this Court other than the two which we have discussed. For lack of jurisdiction here, the case is transferred to the Springfield Court of Appeals.

PER CURIAM.

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.