STATE of Missouri, ex rel. BEAUFORT TRANSFER COMPANY, and Philipp Transit Lines, Inc., Respondents,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Appellant.

No. WD 31489.

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

Arthur L. Conover, Jefferson City, for appellant.

John E. Burruss, Jr., Duane E. Schreimann, Jefferson City, for respondent Beaufort Transfer Co.

Patricia F. Scott, Liberty, for respondent Philipp Transit Lines, Inc.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

In a proceeding before the Public Service Commission of Missouri incident to definition and restatement of the operating authority of Philipp Transit Lines, a common carrier of motor freight, the Commission issued a report and order after a hearing at which Philipp and Beaufort Transfer Company, an interested motor freight carrier, appeared in opposition to the proposed order. Beaufort petitioned the circuit court for review of the Commission order under § 386.510, RSMo 1978, and Philipp intervened. The circuit court reversed and the Commission has appealed.

The status and contentions of Philipp here are uncertain. The notice of appeal from which the case was docketed listed only Beaufort as relator below and the Commission as respondent, and to remedy the apparent oversight, Philipp petitioned and was granted leave to intervene. Philipp, however, has filed no brief. The record infers that Beaufort and Philipp share a common position as to the asserted invalidity of the Commission order, although for different reasons. Beaufort is a common carrier in competition with Philipp and, as such, has an interest in any order which modifies the territory Philipp is authorized to serve.

The Commission accepted Beaufort's standing as an interested party in this case and the question, therefore, need not be again considered because it has not been raised. The challenge to recertification of Philipp's operating authority will be addressed on the merits as briefed by the Commission and by Beaufort despite nonparticipation in the appeal by Philipp, the party directly concerned.

Route authority for motor freight carriers is controlled by the Commission which acts to designate types of service and territories for each carrier. In the past, service authorizations have been by Commission report and order issued from time to time as

new routes are granted and as existing route authority is transferred or routes are abandoned. The accumulation of this documentation over a period of years without any consolidation of records as to carriers has presented problems in determining what current operating authority may be held by a carrier. To correct this record maintenance deficiency, the Commission decided in 1976 to issue a certificate of convenience and necessity to each carrier describing in that certificate the then effective routes of that carrier as determined from a review of all previous reports and orders of the Commission. The Commission directed its staff to undertake the review necessary to achieve this compilation. It is the staff report of that work which included a recommendation adopted by the Commission and challenged in this action.

Philipp holds route authorities of various types including authority for an irregular route which is the subject of this contest. Under irregular route authority, a carrier offers freight service to and from an operating base described in early orders as the "contiguous trade territory" of the community. Philipp was first granted the subject irregular authority in 1932 for service to and from the contiguous trade territory of Washington, Missouri.

Regular and irregular route authorities differ in the definition of terminals, service points and the route traversed. Under a regular route, as the name implies, points of origin and destination as well as intermediate route points are specified in the notice of authority. The regular route carrier must also adhere to a particular highway pattern of travel. Irregular routes, by contrast, set no advance path of transit but under an irregular authority the carrier provides service between its operating base and any point in Missouri subject to the restriction that irregular carriers may not compete with regular carriers over routes assigned to them. The issue in this case is the attempted definition of Philipp's operating base, the trade territory contiguous to Washington, Missouri, which Philipp is entitled to serve under its irregular route authority.

The term "contiguous trade territory" had never been precisely defined but was construed by each irregular route carrier depending on local conditions and custom and usage. Thus, there has been no uniformity among carriers in the size of a trade territory regarded as certificated to an irregular carrier for pickup and delivery of freight. The Commission staff in the course of reviewing and redefining existing route authorities of motor carriers pursuant to the directive of the Commission concluded that contiguous trade territories should be defined to eliminate uncertainty in the republished certificates. They proposed that a trade territory be within set mileage limits on a scale determined by the population of the community.

Proposed statements of consolidated operating authorities as compiled by the staff, including the definition of contiguous trade territories, were presented to the Commission and were published in the Notice Register of Motor Carrier Cases, a monthly publication of items of interest to motor freight carriers. In response to the notice, Philipp and Beaufort objected to the definition of Philipp's authority and a hearing was conducted. The Commission thereafter approved the redefinition of Philipp's route authority as suggested by the staff, and review in the circuit court followed.

The sole issue presented to the circuit court and here is whether, by the method and procedure employed in this case, proscriptive definition of contiguous trade territory by a mileage formula could lawfully be imposed generally for recertification of irregular routes and, specifically, for recertification of the route authority of Philipp in its service to Washington, Missouri. Beaufort argues that the adoption of the mileage formula recommended by the Commission staff amounts to rule making by the Commission and that the order as to the Philipp case is void because not made in conformity with the requirements of § 536.-021, RSMo 1978, governing rule making by state agencies. Beaufort also argues, in the alternative, that the order cannot stand be-

cause the service area of Philipp, and any other irregular route carriers similarly situated, will be expanded or reduced without notice and hearing necessary to evaluate public necessity and convenience for the change in service. This latter contention is based on the conceded fact that the mileage formula does alter the boundaries of the trade territory from the areas which irregular carriers have served under past custom and practice.

The Commission argument essentially disputes the suggestion that it has adopted any rule and contends that nothing more was determined here beyond recertification of the Philipp irregular route authority. Although it does appear from the Commission brief that some ninety irregular route authorities were examined by the staff in the review and consolidation process ordered by the Commission, this record discloses only the disposition of the Philipp case. The Commission argues that even though it did adopt the staff proposal for definition of trade territory by formula, it was only applied in the Philipp case. The sense of the argument is that past cases have been and future cases will be considered individually and contiguous trade territory will be established by formula or otherwise only case by case and carrier by carrier. Thus, the Commission asserts it has taken no position on application of the mileage formula generally, only to Philipp, and is entitled therefore to disregard or employ the formula as it considers appropriate in each case for recertification of irregular route authority.

A further contention by the Commission is that the original notice and order granting Philipp the irregular route authority to serve Washington, Missouri emanated from the Commission's predecessor and that the term "contiguous trade territory" used was vague. It argues that the present recertification is nothing more than an interpretation and that the Commission is always entitled to ascribe a meaning to certificate authority previously issued and outstanding.

In this review of the Commission order recertifying the irregular route authority of Philipp, the function of the court is to determine if the order was lawful and, if so, whether it was reasonable. *State ex rel. City of Cape Girardeau v. Public Service Commission*, 567 S.W.2d 450 (Mo.App. 1978). In determining if the order was within the statutory authority of the Commission, the court does not defer to the finding of the Commission which is without authority to declare or enforce principles of law or equity. *State ex rel. Utility Consumers Council of Missouri v. Public Service Commission*, 585 S.W.2d 41 (Mo. banc 1979). As to matters of reasonableness, the court is not entitled to substitute its judgment if the order of the Commission is supported by substantial and competent evidence on the whole record. *State ex rel. Utility Consumers, supra.*

As noted above, the Commission contends that it has made no rule generally applicable to definition of contiguous trade territory by a mileage formula. It concedes, however, that the trade territory served by Philipp contiguous to Washington, Missouri was identified in the recertification order in accordance with the staff recommendation which was, in turn, simply an application of the mileage formula to the population count of Washington. In addition, the staff proposal was itself not merely directed to the case of Philipp, but was a proposal that the formula be generally employed. The circuit court on review found otherwise and concluded that the Commission had indeed adopted a rule, the formula definition of contiguous trade territory, although applied on this record only to Philipp.

Rule making authority of state agencies, such as the Commission, is set by statute and procedure is governed by § 536.021, RSMo 1978. Promulgation of a rule requires that the agency first file with the Secretary of State a notice of proposed rule making and a subsequent order of rule making, both of which are to be published by the Secretary of State in the Missouri register. Concededly, the Commission did neither in this case and if, as the circuit court found, the effect of redefining the

trade territory in Philipp's route authority by use of the formula is the pro tanto adoption of a rule, the order fails because rule making process was not observed.

While the subject order affects only Philipp and competing carriers such as Beaufort in the Washington, Missouri area, the fact remains that use of the formula bore no relationship to facts of import in that particular area as contrasted with any other trade territory in the state. The very nature of the formula proposal by the staff was that it be of general application and that it be used in the ninety irregular route cases under review. The contention by the Commission that the formula could be applied only to Philipp and not to other irregular route carriers and serve as the sole basis for defining the contiguous trade territory of the Washington, Missouri community amounts to rank discrimination and is untenable.

■ The nature of the staff proposal advocating the mileage formula and the use of that formula in the Philipp case belie the assertion of the Commission that it was not attempting to adopt and apply a rule. The circuit court correctly held that definition of the Philipp certificated trade territory by a mileage and population standard amounted to a statement of general applicability and, hence, a rule within the definition of § 536.010, RSMo 1978, and that the order was invalid because required rule making procedures had not been observed.

Disposition of the case does not end, however, with the findings and judgment made by the circuit court because the complaint by Beaufort in its petition for review and in its motion for rehearing before the Commission also urged that the order defining the operating base of Philipp in Washington, Missouri was made on insufficient evidence. Beaufort tacitly concedes the jurisdiction which the Commission contends—the right to define the contiguous trade territory which Philipp may serve, but argues that in place of adopting the formula presented by the staff, the Commission should have decided the case on evidence applicable to Philipp, Beaufort, the services they provide

and the needs of the Washington, Missouri trade area. Beaufort asserts an interest in the definition of Philipp's territory by reason of the competition between these carriers and potential encroachment by Philipp.

What has heretofore been said in this opinion as to the invalid attempt by the Commission to impose a rule without observing rule-making procedures is based on the conclusion that the order defining contiguous trade territory by formula was not a decision based on the evidence before the Commission in the case. That is not to say that the Commission does not have the jurisdiction to accomplish its original objective, redefinition and recertification of existing routes and definition of the term "contiguous trade territory." It simply may not do so by using a standard which has the effect of a rule and which does not adjudicate based on the facts of the case being considered.

■ The Commission is entitled to interpret its own orders and to ascribe to them a proper meaning and, in so doing, the Commission does not act judicially but as a fact-finding agency. *State ex rel. Missouri Pacific Freight Transport Co. v. Public Service Commission*, 312 S.W.2d 363 (Mo.App. 1958); *State ex rel. Orscheln Bros. Truck Lines v. Public Service Commission*, 232 Mo. App. 605, 110 S.W.2d 364 (1937).

The issue before the Commission as to the aspect of the Philipp route in controversy was the boundary limit of Philipp's authority to receive and deliver freight in the territory of Washington, Missouri. There is no argument that the term used in the notice and order of 1932, "contiguous trade territory," was imprecise and that a better definition was needed. Evidence before the Commission treated the subject, but the decision relied entirely on the staff formula. The effect of the circuit court decision was to reject the staff formula as competent and substantial evidence to support the Commission order in a fact-finding case. In sum, the Commission made no determination of facts although evidence was received.

Conceding that the Commission did have authority to define the appropriate trade territory which Philipp was entitled to serve and that it either failed to receive or failed to consider the evidence required for this fact-finding decision, the result must be that the case be again taken up by the Commission, either on the present record or on additional hearing, and that a result be accomplished with applicable findings to present a case for review if that be sought. In the alternative, if the Commission decides that a formula best suits the definition of contiguous trade territory and that the formula should be applied without considering the facts in each individual case, then it should observe the statutory requirements and promulgate the rule.

The judgment of the circuit court is affirmed, but the cause is remanded to the circuit court with direction that the case be returned to the Public Service Commission for further proceedings consistent with this opinion.

All concur.