Carl V. KERSTING et al., Appellants,

v.

CITY OF FERGUSON, Missouri, a Municipal Corporation, et al., Respondents.

No. 50888.

Supreme Court of Missouri,

Division No. 2.

April 12, 1965.

Lester W. Duggan, Jr., Florissant, for plaintiffs-appellants.

Carleno & Nick, Ferguson, for defendants-respondents.

PRITCHARD, Commissioner.

The question which is of primary concern here is whether there is presented a constitutional question necessary to vest this court with appellate jurisdiction.

Appellants' first amended petition alleges in both Counts I and II thereof that they are representatives of a class of resident taxpayers and property owners in Ferguson, Missouri. In Count I of the petition it is alleged that the Charter of the City of Ferguson is void in toto because it is violative of the 1945 Constitution of Missouri, and further that certain specified sections of the Charter are individually void because also violative of the Constitution of Missouri. For the purpose of this opinion it is unnecessary to set out with particularity the charter sections alleged to be unconstitutional and the reasons advanced therefor. In Count II of the petition it is alleged that certain acts of the city council of the City of Ferguson are void because they are in violation of, contrary to, or not in conformity with certain provisions of the Charter, and also that certain ordinances of the City are contrary to the Constitution of Missouri, 1945.

Appellants' jurisdictional statement in their brief states that such constitutional question is presented in that their petition charges that the Charter of the City of Ferguson is violative of the Constitution of this state; that an adjudication on the merits of appellants' petition—a dismissal with prejudice constituting such an adjudication—would necessarily involve a construction of certain specified sections of the Constitution as they apply to the Charter of the City, its specific provisions and the ordinances thereof referred to in the petition.

The mere assertion that a constitutional question is involved does not of itself raise such a question within the meaning of Art. V, § 3, Mo.Const. 1945, V.A.M.S. Cohen v. Ennis, Mo., 308 S.W.2d 669, 672 [3, 4]; Nelson v. Watkinson, Mo., 260 S.W.2d 1, 2[1], and cases cited. Although the respondents do not attack this court's jurisdiction, we must make that determination upon our own motion. Gennari v. Norwood Hills Corporation, Mo., 322 S.W.2d 718, 720 [1, 2]; Shepherd v. De-

partment of Revenue, Mo., 370 S.W.2d 381, 382[1, 2].

Respondents' motion to dismiss the first amended petition was argued, submitted to and taken under advisement by the trial court. It was thereafter sustained and the petition was dismissed as to both counts. The order of dismissal does not specify any ground stated in the motion upon which the motion was ruled. The motion to dismiss presented the following grounds therein contained to the trial court:

As to Count I of the petition: a failure to state a claim upon which relief can be granted; plaintiffs' action was a collateral attack upon the Charter of defendant City, which can be done only by the proper state officer directly in Quo Warranto proceedings; that plaintiffs cannot maintain this action for declaratory judgment under Sections 527.010 and 527.020, RSMo 1959, V.A.M.S., because they are not the real parties in interest; that there is no justiciable controversy between the parties; that plaintiffs do not allege facts to show their rights, status or legal relations are affected by a statute, municipal ordinance or franchise as required by Section 527.020 RSMo 1959, V.A.M.S.; and that plaintiffs pleaded conclusions in paragraphs 6 and 7 of Count I.

With respect to Count II, the grounds are again that plaintiffs have pleaded conclusions, without facts; that they are not the real parties in interest; that they have no legally protectible interest at stake or in the relief sought of any claims asserted; that there is no justiciable controversy between the parties; and that no claim to relief is stated.

The only way that this court could have appellate jurisdiction (and that the Court of Appeals *could not* have jurisdiction) is that the court below *ruled* upon the issue of whether both counts of the petition state a claim to relief upon constitutional grounds; that is, do the counts of the petition properly and sufficiently allege facts which present an issue involving a construction of the Constitution of this state within the meaning of Section 3, Article V thereof? See Goodson v. City of Ferguson, Mo., 339 S.W.2d 841, 842, where only *one* ground, "failure to state a claim upon which the requested relief may be granted," was specified in the motions to dismiss the petitions in the three consolidated cases there involved. Thus this court, in Goodson, supra, did rule the one question as to the sufficiency of facts alleged to state a claim to relief on constitutional grounds. Finding that such facts were insufficient, the case was transferred to the St. Louis Court of Appeals.

■ It must appear affirmatively from the record that the trial court ruled adversely to appellants upon a constitutional issue, so as to present it for appellate review. Municipal Securities Corp. v. Kansas City, Mo., 186 S.W. 989, 990; Cirese v. Spitcaufsky, Mo., 259 S.W.2d 836, 838 [2]. Here, it does not appear from the record that the trial court ruled any pleaded constitutional question. The inherency doctrine, which appellants suggest in their jurisdictional statement applies here (that a dismissal with prejudice *necessarily involves* a construction of the Constitution as applied to the charter and ordinances), has been rejected by this court since the 1949 case of City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372 378[7].

■ In a case such as this where a motion to dismiss raises issues both constitutional (failure to state facts sufficient for a claim to relief on constitutional grounds) and nonconstitutional (capacity to sue, lack of a justiciable controversy, etc.) and the record does not indicate which issue was decided, it will be deemed that the trial court ruled the case on applicable nonconstitutional grounds and that the constitutional grounds were *avoided* in the trial court and are therefore not in the case on appeal. In Juengel v. City of Glendale, Mo., 161 S.W. 2d 408, an ordinance was attacked by defendants upon constitutional grounds *and*

upon other grounds. There was a general finding by the trial court and no specification of the ground of the finding. At loc.cit. 410[5] the court said, "But, aside from all the foregoing, there is a further reason why this appeal does not involve a constitutional question so as to give this court jurisdiction and that is it does not appear from the record that the trial court decided or passed on the constitutionality of the ordinance, which is an essential requisite to our jurisdiction in such instances. 'There is nothing in the record to show whether the court decided the case on the constitutional question raised by the pleadings or not.' (Citing cases) If the case was decided by the trial court independently of any constitutional issue this court would not have jurisdiction by reason of the alleged presence of such a question." See also Motchar v. Hollingsworth, Mo., 162 S.W.2d 805, 806[1]; Cirese v. Spitcaufsky, supra; and December, 1964, Volume, Washington University Law Quarterly, "Missouri Appellate Jurisdiction," § 1.022(b), p. 462.

Since it does not affirmatively appear from the record that the trial court decided or passed on the constitutionality of the City Charter or ordinances, no constitutional question is preserved for review on appeal and the Supreme Court is without jurisdiction. The remaining questions are within the jurisdiction of the Court of Appeals and the situation of transfer and retransfer in the Cohen v. Ennis cases (Mo., 308 S.W.2d 669; Mo.App., 314 S.W.2d 239; Mo., 318 S.W.2d 310) cannot occur.

The case is transferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.