In the ESTATE OF Lillian McCLUNEY, Plaintiff.

Ray W. HATFIELD, Appellant,

v.

Jerry J. McCLUNEY, et al., Respondents.

No. WD 47542.

Missouri Court of Appeals,
Western District.

March 15, 1994.

Howard D. Lay, Kansas City, for appellant.

Thomas J. Skates, Kansas City, for respondents.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Claimant Ray W. Hatfield appeals from a probate court judgment, dismissing, as untimely filed, his claim against decedent's estate, based upon a judgment against decedent.

Decedent died December 11, 1990. Letters testamentary were not issued until December 11, 1991, when Jerry J. McCluney was appointed personal representative by the Probate Court of Jackson County. Publication of notice of granting letters began on December 18, 1991.

Appellant Ray W. Hatfield on January 6, 1992, filed two claims against the estate—one based on a judgment against the decedent, obtained during decedent's lifetime, and the other for services rendered to decedent during her lifetime, and for services rendered to her estate before it was opened, and after it was opened. Only the judgment claim is involved in this appeal.

The Probate Court dismissed the claim, since it was not filed within one year of decedent's death, holding that the claim was barred by section 473.444, RSMo. The pertinent part of that section reads as follows:

1. Unless otherwise barred by law, all claims against the estate of a deceased person, ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division, or are not paid by the personal representative, shall become unenforceable and shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent one year following the date of the decedent's death, whether or not administration of the decedent's estate is had or commenced within such one-year period and whether or not during such period a claimant has been given any notice, actual or constructive, of the decedent's death or of the need to file a claim in any court....

2. Nothing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate; except that attachment, judgment, and execution liens shall be enforced as provided in this law and not otherwise.

Appellant, denying that section 473.444 governs the case and bars his claim, argues, as a second line of defense, that section 473.444 is invalid as in violation of the due process and equal protection clauses of the Federal and State Constitutions. This claim of invalidity of the statute was duly raised in the trial court.

The judgment of the court contained the following paragraph: "The strict legal issue in this case is whether the claims were barred by section 473.444. It is not the place of a trial judge to determine the constitutionality of the actions of the general assembly."

This order presents two issues, one of which we raise sua sponte, and the other of which is raised by claimant in his appellant's brief.

## JURISDICTION OF APPEAL

■ The first issue is whether this court has jurisdiction of the appeal, an issue which we must raise sua sponte at the threshold of the appeal. *Oliva v. Spatz*, 831 S.W.2d 675, 676 (Mo.App.1992). If the constitutional validity of section 473.444 has been preserved for appeal, then we have no jurisdiction of the appeal. *State ex rel. State Highway Comm'n v. Wiggins*, 454 S.W.2d 899, 901 (Mo. banc 1970). Jurisdiction belongs exclusively to the Supreme Court. Const. Art. V, Section 3. *Matter of Estate of Potashnick*, 841 S.W.2d 714, 718 (Mo.App.1992). We could only transfer the appeal to the Supreme Court.

■ We hold, however, that the issue of the constitutional validity of the statute has not been preserved for appeal. In order for the issue of the constitutional validity of a statute to be preserved for appellate review, the issue must not only have been presented to the trial court, but the trial court must have ruled thereon.[1] *Atkins v. Department of Bldg. Regulations*, 596 S.W.2d 426, 433 (Mo.1980); *Kersting v. City of Ferguson*, 388 S.W.2d 794, 796 (Mo.1965).

The personal representative says that the trial court, in applying section 473.444 in the face of the claimant's constitutional challenge, impliedly ruled the statute was valid. The trial court, however, expressly pretermitted any ruling on the constitutional validity of the statute, holding that it was not the function of the court to decide that issue. Without the court's express disclaimer, we would examine the personal representative's contention under the heading of the somewhat dubious "inherency doctrine." *See Ex Parte Bass*, 328 Mo. 195, 40 S.W.2d 457 (banc 1931), concurring opinion by Ellison at p. 459; *Kersting v. City of Ferguson*, 388 S.W.2d 794, 796 (Mo.1965); *Chesterfield v.*

*Director of Revenue*, 811 S.W.2d 375, 378 (Mo. banc 1991).

Since the issue of the invalidity of the statute has not been preserved for appeal, we have jurisdiction of the appeal.

## DUTY OF TRIAL COURT TO RULE CHALLENGE TO VALIDITY OF STATUTE

■ The second issue raised by the order is the trial court's declination to rule upon claimant's constitutional challenge to section 473.444. Claimant alleges this was error. The court's order took note of claimant's challenge, but stated it was not the court's function to decide the validity of the statute. In this conclusion the court erred. The judgment of the trial court will therefore be reversed and the cause remanded.

■ When a constitutional challenge is made to a statute which, if valid, is determined to be applicable and decisive, as in the present case, the court must decide the issue of validity. The court cannot decide the ultimate issue between the parties without having determined, as a necessary step, the challenged validity of the pivotal statute. *See State v. Sawyer*, 113 Me. 458, 94 A. 886, 887 (1915). If section 473.444 were determined to be unconstitutional, the foundation of the trial court's decision would collapse. The trial court may not avoid deciding the issue of the constitutional validity of section 473.444.[2]

The judgment is reversed, and the cause remanded for further proceedings.

All concur.

---

1. The Supreme Court in *City of Joplin v. Industrial Comm'n of Missouri*, 329 S.W.2d 687 (Mo. banc 1959), was apparently not bothered by the trial court's declination to decide the challenged constitutionality of a statute, and proceeded to determine the issue on a appeal.

2. A different rule applies to cases before administrative tribunals. The administrative tribunal has no authority to decide the issue of the statute's validity. "Only the courts have authority to take action which runs counter to the expressed will of the legislative body." K. Davis, *Administrative Law Treatise*, § 20.04, fn. 1 (1958).

As to whether a constitutional challenge must be made before the administrative tribunal in order to preserve the point for appeal, *see Tadrus v. Missouri Bd. of Pharmacy*, 849 S.W.2d 222 (Mo.App.1993); *Hacienda Enterprises No. 2, Inc. v. Smarr*, 841 S.W.2d 807 (Mo.App.1992); *Duncan v. Missouri Bd. for Architects*, 744 S.W.2d 524 (Mo.App.1988); and *Schierding v. Missouri Dental Bd.*, 705 S.W.2d 484, 487 (Mo.App.1985).