Elizabeth **LOPEZ** and Penny Jones, Respondents–Cross Appellants,

v.

**THREE RIVERS ELECTRIC COOPERATIVE, INC.,** Appellant– Cross Respondent.

Nos. ED 75011, ED 75072 and ED 75073.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 23, 1999.

Re-calculation of child support, to the extent affected by the calculation of maintenance, is left for remand.

James J. Virtel, Ann Elizabeth Buckley, St. Louis, David Phillip Madden, Overland Park, for appellants.

Grant L. Davis, Thomas C. Jones, Kansas City, Robert F. Ritter, Jeffrey J. Lowe, St. Louis, for respondents.

LAWRENCE E. MOONEY, Judge.

George Lopez, Kenny Jones and two other military personnel were in a helicopter on an official Army Reserve flight over the Osage River, when the helicopter struck an electrical wire owned by Three Rivers Electric Cooperative ("Defendant"). The helicopter crashed, and all four men were killed. The widows of George Lopez and Kenny Jones, Elizabeth Lopez and Penny Jones ("Plaintiffs"), filed this wrongful death action against Defendant.

On the claim of Elizabeth Lopez, the jury apportioned 90% of the fault to Defendant and 10% to George Lopez and assessed damages of $2.5 million. On the claim of Penny Jones, the jury also assessed damages of $2.5 million, with Defendant bearing 80% of the fault and Kenny Jones the remaining 20%. The jury also awarded each Plaintiff $500,000.00 in damages for aggravating circumstances. Both parties have appealed from the judgment entered on the jury verdict.

Between the two appeals, the parties allege numerous points of error; however, only one is relevant here. In one of its Points Relied On, Defendant challenges the constitutionality of Section 537.675 RSMo. (1994), which allows the attorney general, on behalf of the State, to collect fifty percent of any punitive damages award.[1] Defendant claims the statute constitutes an excessive fine in violation of the 8th Amendment to the United States Constitution and Article I, Section 21 of the Missouri Constitution. Defendant further argues that Section 537.675 constitutes a taking in violation of the 5th Amendment to the United States Constitution and Article I, Section 26 of the Missouri Constitution.

▮ The presence of this issue raises the question of our jurisdiction over the case. Our state constitution vests the Missouri Supreme Court with the exclusive jurisdiction to decide cases in which the validity of a state statute is challenged. Mo. Const. Art. 5, Sec. 3. At our request, the parties have submitted supplementary briefs on the jurisdictional issue, and both sides urge us to retain the case. However, if we do not have jurisdiction, our constitution mandates transfer to the appropriate court. Mo. Const. Art. 5, Section 11. We would have jurisdiction though, if neither of the constitutional issues was preserved for appellate review. *State v. Bowens*, 964 S.W.2d 232, 236 (Mo.App. E.D.1998).

▮ Defendant's claim that Section 537.675 violates the Takings Clauses of the state and federal constitutions has not been properly preserved. Constitutional issues must be raised at the first available opportunity or else they are waived. *Id.* "An attack on the constitutionality of a statute is of such dignity and importance that the record touching such issues should be fully developed and not raised as an afterthought in a post-trial motion or on appeal." *Land Clearance for Redevelopment Authority v. Kansas University Endowment Ass'n*, 805 S.W.2d 173, 176 (Mo. banc 1991). Here, Defendant raised this claim for the first time in its Motion for Judgment Notwithstanding the Verdict,

---

1. We assume for purposes of this opinion that the state would be allowed under Section 537.675 to collect one-half of Plaintiff's damage award for aggravating circumstances.

and thus the issue is not preserved for appellate review.

 In contrast, Defendant did properly preserve its argument based on the Excessive Fines Clauses. Defendant raised this claim in its answer, motion for directed verdict, motion for judgment notwithstanding the verdict and its motion for new trial. The trial court, in denying all post-trial motions, implicitly ruled that the statute was constitutional. *See Champlin Petroleum Co. v. Brashears,* 592 S.W.2d 545, 547 (Mo.App. W.D.1979).

 The next question is whether Defendant's claim that Section 537.675 violates the Excessive Fines Clauses is real and substantial. In order for the mandate of Article 5, Section 3 to apply, the claim presented must be "real and substantial, not merely colorable." *Rodriguez v. Suzuki,* 996 S.W.2d 47, 51 (Mo. banc 1999). The *Rodriguez* court was confronted with identical constitutional challenges to Section 537.675, and held these challenges to be real and substantial, and not merely colorable. *Id.* at 52. We are bound by this holding, and thus find that Defendant has presented a real and substantial challenge to the constitutionality of Section 537.675.

Defendant, citing *Whitaker v. City of Springfield,* 889 S.W.2d 869, 873 (Mo.App. S.D.1994); *In Interest of D—L—C—,* 834 S.W.2d 760, 772 (Mo.App. S.D.1992); *Stenger v. Great Southern Sav. and Loan Ass'n,* 677 S.W.2d 376, 382 (Mo.App. S.D. 1984), proposes that we could retain the case if we conclude under a separate point of error that Plaintiffs failed to make a submissible case on their claim for damages for aggravating circumstances. Defendant argues that if we strike down the aggravating circumstances damages award, there would be no reason to decide the constitutionality of Section 537.675. We acknowledge that in each case cited above, the Southern District held that it retained jurisdiction over an appeal because the case could be decided without reaching the constitutional issue.

 However, contrary to the view of the Southern District, our Supreme Court has made it clear that its exclusive jurisdiction should not be dependent upon the resolution of other issues in the case. *State ex rel. State Highway Commission v. Wiggins,* 454 S.W.2d 899, 902 (Mo. banc 1970). When an appellate court is without power to decide one of the issues on appeal because that issue seeks the determination of the validity of a statute, then the appeal is properly lodged in the Supreme Court, which is the only court having jurisdiction over all issues in the case. *State ex rel. Union Elec. Co. v. Public Service Com'n,* 687 S.W.2d 162, 165 (Mo. banc 1985).

Thus, as we lack jurisdiction, the case is ordered transferred to the Supreme Court of Missouri pursuant to Mo. Const. Art. 5, Sec. 11.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.