Forest "Dino" HOSKINS,
et al., Respondents,

v.

BUSINESS MEN'S ASSURANCE,
Defendant,

Federal–Mogul Corporation and
T & N, Ltd., Appellants,

State of Missouri, Respondent.

No. SC 83727.

Supreme Court of Missouri,
En Banc.

July 23, 2002.

Thomas B. Weaver, Cynthia A. Sciuto, St. Louis, Terry L. Karnaze, Kansas City, KS, for Appellants.

Louis C. Accurso, Steven D. Steinhilber, Kansas City, Edward D. Robertson, Jr., Anthony L. DeWitt, Jefferson City, for Respondent Hoskins.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles W. Hatfield, Assistant Attorney General, James R. Layton, State Solicitor, Jefferson City, for Respondent State of Missouri.

## PER CURIAM.

Forest Hoskins worked as an operating engineer in a building owned by Business Men's Assurance. He alleges he contracted mesothelioma, a form of cancer. He filed suit, with his wife, claiming the disease resulted from exposure to asbestos dust. The jury awarded compensatory and punitive damages, and judgment was entered accordingly.

On appeal, no party sought to defend the validity of section 537.675.[1] The attorney general, representing the state, was permitted to intervene for that purpose. The validity of a statute is involved in the case. This Court has jurisdiction. *Mo. Const. art. V, sec. 3.* The statute is constitutional. The case is transferred to the Court of Appeals, Western District, for resolution of the other issues raised on appeal.

Resolution of this portion of the appeal does not require an extensive discussion of the facts. A fire retardant, consisting of 60% asbestos fibers, 38% Portland cement, and 2% mineral oil, was applied to the structural steel of the BMA building during its construction in the early 1960s. Approximately 15 years later, Forest Hoskins began working as an operating engineer at the building. He continued employment until 1999. He came into contact with the fire retardant during his employment. In 1999 he was diagnosed as having

---

1. All statutory citations are to RSMo 2000.

demoplastic mesothelioma, a form of cancer associated with exposure to asbestos. Hoskins and his wife sued on various theories alleging a causal relationship between exposure to the retardant and his illness. The jury returned verdicts for actual and punitive damages for both Hoskins and his wife.

Section 537.675 authorizes the state to assert a lien on 50% of any final judgment for punitive damages.[2] The appellants contend on appeal that this section violates (1) the eighth amendment of the federal constitution and article I, section 21 of the state constitution (the excessive fine claim) and (2) the takings clauses of both constitutions. The state contends that these issues were not timely raised in the trial court.[3]

▇▇▇ As noted in *Call v. Heard*, 925 S.W.2d 840, 847 (Mo. banc 1996) (citations omitted):

> Generally, constitutional issues must be raised at the earliest opportunity if they are to be preserved for review. This is necessary in order to prevent surprise

to the opposing party and to allow the trial court the opportunity to identify and rule on the issue. The record herein reflects that the issue of punitive damages did not enter the case until the day of trial, at which time the Calls made their initial request for the award of punitive damages. Heard raised his constitutional due process challenge of the award in his motion for new trial. Plaintiffs had the opportunity to respond and the trial court had the opportunity to address the issue; thus the purposes of the rule were met.

In this case, in identical language in their first response to the petition, each appellant asserted that the claim for punitive damages violated the federal and state constitutions in numerous respects. The motions noted that the claims were without limitation to additional claims that might be raised. In the motion for new trial, the specific claims raised on appeal were raised. As in *Call v. Heard*, in this case, "Plaintiffs had the opportunity to respond and the trial court had the opportunity to

2. The pertinent part of section 537.675 reads:

3. Any party receiving a judgment final for purposes of appeal for punitive damages in any case filed in any division of any circuit court of the state of Missouri shall notify the attorney general of the state of Missouri of such award, except for actions claiming improper health care pursuant to chapter 538, RSMo. The state of Missouri shall have a lien for deposit into the tort victims' compensation fund to the extent of fifty percent of the punitive damage final judgment which shall attach in any such case after deducting attorney's fees and expenses. In each case, the attorney general shall serve a lien notice by certified mail or registered mail upon the party or parties against whom the state has a claim for collection of its share of a punitive damage final judgment. On a petition filed by the state, the court, on written notice to all interested parties, shall adjudicate the rights of the parties and enforce the lien. The lien shall not be satisfied out of any recovery until the

attorney's claim for fees and expenses is paid. The state can file its lien in all cases where punitive damages are awarded upon the entry of the judgment final for purposes of appeal. The state cannot enforce its lien until there is a punitive damage final judgment. Cases resolved by arbitration, mediation or compromise settlement prior to a punitive damage final judgment are exempt from the provisions of this section. Nothing in this section shall hinder or in any way affect the right or ability of the parties to any claim or lawsuit to compromise or settle such claim or litigation on any terms and at any time the parties desire.

3. The respondents also contend the statute is unconstitutional in their brief. However, in their "brief in opposition" to the attorney general's motion to intervene, they also claim the constitutionality of this statute is not properly before the Court because section 537.675 was not specifically addressed in the appellants' answers.

address the issue; thus the purposes of the rule were met." [4]

An act of the legislature approved by the governor carries with it a strong presumption of constitutionality. This Court will resolve doubts in favor of the procedural and substantive validity of an act of the legislature. *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994).

The excessive fines claim of appellants is based, in part, on their reading of *Browning–Ferris Indus. Of Vermont, Inc. v. Kelco Disposal Inc.*, 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). Such a reading is misplaced. That opinion specifically holds that the excessive fine provision of the eighth amendment "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded." *Id.* at 264, 109 S.Ct. 2909. In that case the Court did not decide what effect an award to the state would have. However, the case makes clear that the excessive fines clause is intended to constrain the power of the state. "Simply put, the primary focus of the Eighth Amendment was the 'prosecutorial' power, not concern with the extent or purposes of civil damages." *Id.* at 266, 109 S.Ct. 2909.

Under section 537.675, the state has no prosecutorial power. The statute makes clear that the state cannot intervene in the case. *Section 537.675.3.* Moreover, the state has no interest in the amount awarded as punitive damages until that amount is reduced to a final judgment. *Section 537.675.2.* The amount of punitive damages sought and reduced to final judgment is totally beyond the power of the state and is totally within the discretion of private parties to the suit. For the same reason, *Austin v. United States*, 509 U.S. 602, 606, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), is inapposite.

Appellants' claim of a denial of due process with respect to the state's portion of the punitive damage final judgment is equally unavailing. Appellants raise no claim of a due process violation with respect to the Hoskinses' award of punitive damage. The state's share of that award is specified by statute, section 537.675.2. The state's award is wholly derivative of a final judgment. If that judgment does not violate due process, the state's share also is not subject to a due process attack by defendants who are liable for the full amount of the award regardless of the state having a lien on a portion of the judgment.[5]

Appellants fail adequately to develop their argument concerning the takings clause claim. They rely on *Kirk v. Denver Publishing Co.*, 818 P.2d 262 (Colo. 1991)(*en banc*). This Court has previously rejected that case when a due process claim was raised on behalf of plaintiffs. *Fust v. Attorney General*, 947 S.W.2d 424, 431 (Mo. banc 1997). Suffice to say that the state is not "taking" any property from defendants. The Hoskinses receive the judgment, which, when final, appellants will be required to satisfy. If section 537.675 did not exist, the appellants' liability for the judgment would not be altered in any respect.

---

4. The state also contends that the appellants cannot claim to be aggrieved parties. This issue was resolved adversely to the state's position in *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 53 (Mo. banc 1999).

5. The Court expresses no opinion on the issue of whether the punitive damage award is excessive in this case. That issue is not relevant to the issue of the validity of section 537.675 as raised by appellants.

Having resolved the issue giving this Court jurisdiction, the case is transferred to the Court of Appeals, Western District, for resolution of the remaining issues.

WHITE, WOLFF, BENTON, LAURA DENVIR STITH, PRICE and TEITELMAN, JJ., and COHEN, Sp.J., concur.

LIMBAUGH, C.J., not participating.