Douglas SHARP, et al.,
Plaintiffs/Respondents,

v.

The CURATORS OF THE UNI-
VERSITY OF MISSOURI,
Defendant/Appellant.

No. ED 82453.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 15, 2003.

W. Dudley McCarter, Clayton, MO, Marvin E. Wright, William F. Arnett, Columbia, MO, James W. Erwin, St. Louis, MO, for appellant.

Robert Herman, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The collective appellant, the Curators of the University of Missouri, appeals the trial court's declaratory judgment finding that they had violated section 172.360,

RSMo 2000,[1] by charging tuition to undergraduate students between the ages of seventeen and twenty-one years of age to attend school in the University of Missouri system. Per the parties' joint motion for separate trial, the trial court only addressed the issue of liability. The court did not pronounce any remedies.[2] The court then certified its decree as final pursuant to Rule 74.01(b), and this appeal followed. Respondents, who are representatives of a certified class of plaintiffs in this class-action suit, have filed a motion to dismiss the appeal for lack of jurisdiction, contending that there is not a final appealable judgment. The respondents argue their claim presents only one single judicial unit, and that because the court did not resolve several issues pertaining to their claim, including the issue of remedies, the court has resolved only a portion of that single judicial unit. Thus, respondents argue, because the court did not dispose of one complete, separable claim, the court's judgment is not a final appealable judgment, and the appeal must be dismissed. We do not reach the respondents' contentions. Because this case involves a challenge to the validity of section 172.360, the Missouri Supreme Court has exclusive appellate jurisdiction. Accordingly, we transfer the entire case, including all pending motions, to the Missouri Supreme Court.

This court has the duty of examining our jurisdiction in every case. The respondents have challenged this Court's jurisdiction, contending that the trial court's decree did not qualify for certification under Rule 74.01(b), and thus, there is not a final appealable judgment. In examining our jurisdiction, however, we look first to the jurisdiction granted this Court under the Missouri Constitution. Article V, section 3 of the Missouri Constitution provides that the Court of Appeals has general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the Supreme Court. Among the cases that fall within the Supreme Court's exclusive appellate jurisdiction are those involving the validity of a state statute. Mo. Const. art. V, sec. 3. In this case, the appellant challenges the validity of section 172.360. As set forth in its Notice of Appeal, one of the issues expected to be raised on appeal is the appellant's contention that to the extent section 172.360 prohibits it from collecting educational fees, the statute "unlawfully interferes" with article IX, sections 9(a) and (b) of the Missouri Constitution, which, the appellant states, "vests in the Board of Curators the government of the University of Missouri, which governmental authority includes the power to collect tuition and fees."[3] On its face, the appellant's challenge to the constitutional validity of this state statute falls within the Supreme Court's exclusive appellate jurisdiction. This, however, does not end our inquiry. The mere assertion that a statute is unconstitutional does not alone deprive this Court of jurisdiction. *See Magenheim v. Board of Ed. of School*

---

1. All further statutory references are to RSMo. (2000).

2. As specifically stated in its judgment "The Court does not address what remedy, if any, would be appropriate, this issue would be resolved, if necessary, after additional hearings," and "The court has not been asked, and has not considered what form relief might take."

3. Article IX, section 9(a) of the Missouri Constitution provides: "The government of the state university shall be vested in a board of curators consisting of nine members appointed by the governor, by and with the advice and consent of the senate." Article IX, section 9(b) provides: "The general assembly shall adequately maintain the state university and such other educational institutions as it may deem necessary."

*Dist. of Riverview Gardens,* 340 S.W.2d 619, 621 (Mo.1960); *Wright v. Missouri Dept. of Social Services, Div. of Family Services,* 25 S.W.3d 525, 528 (Mo.App. W.D.2000). If the appellant's claim regarding the constitutional validity of section 172.360 has not been properly preserved for appellate review, jurisdiction would be in this Court, rather than the Supreme Court. *See State v. Bowens,* 964 S.W.2d 232, 236 (Mo.App. E.D.1998); *Lopez v. Three Rivers Elec. Co-op., Inc.,* 53 S.W.3d 117, 120 (Mo.App. E.D.1999); *Estate of McCluney,* 871 S.W.2d 657, 659 (Mo.App. W.D.1994); *Christiansen v. Fulton State Hospital,* 536 S.W.2d 159, 160 (Mo. banc 1976). And, the Supreme Court will not entertain the appeal if the allegation is pretextual; that is, the allegation concerning the constitutional validity of the statute must be real and substantial for jurisdiction to vest in the Supreme Court. *Rodriguez v. Suzuki Motor Corp.,* 996 S.W.2d 47, 51 (Mo. banc 1999); *see also Lopez,* 53 S.W.3d at 120. If the challenge is merely colorable, this Court has jurisdiction. *Id.; see also Estate of Potashnick,* 841 S.W.2d 714, 718 (Mo.App. E.D.1992). We address each circumstance in turn.

To properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process. *See Hoskins v. Business Men's Assur.,* 79 S.W.3d 901, 903 (Mo. banc 2002); *see also Lopez,* 53 S.W.3d at 119. Further, "in order for the issue of the constitutional validity of a statute to be preserved for appellate review, the issue must not only have been presented to the trial court, but the trial court must have ruled thereon." *Estate of McCluney,* 871 S.W.2d at 659. And, the point raised on appeal must be based upon the theory advanced at the trial court. *See Bowens,* 964 S.W.2d at 236.

From the record before us, it appears the appellant has properly raised and preserved the issue of the validity of section 172.360 for appellate review. The appellant raised the issue at the earliest opportunity—in its answer to the respondents' petition. The appellant therein challenged the constitutionality of section 172.360, contending it was an unconstitutional legislative action violating article IX, sections 9(a) and (b) of the Missouri Constitution. Further, the trial court ruled on the issue in its judgment, specifically holding that section 172.360 did not infringe on the powers given to the Board of Curators under article IX, section 9. The appellant cites the same issue regarding the constitutional validity of section 172.360 in the issues to be raised on appeal.

Next, we address whether the appellant's claim is real and substantial, such that the Supreme Court will entertain this appeal. A claim is substantial when, upon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*Estate of Potashnick,* 841 S.W.2d at 718 *quoting Kansas City Star Co. v. Shields,* 771 S.W.2d 101, 103 (Mo.App.1989). "One clear indication that a constitutional challenge is real and substantial and made in good faith is that the challenge is one of first impression with this Court." *Rodriguez,* 996 S.W.2d at 52. Here, the appellant's contention—that section 172.360 unlawfully interferes with the constitutional powers set forth in article IX, sections 9(a)

and (b)—has never been decided by any Missouri court. Accordingly, we conclude that the appellant's contention appears to be a real and substantial claim, and not merely colorable.

Concluding, this case involves a challenge to the validity of a Missouri state statute. This issue has been properly raised and preserved for appellate review. The appellant's claim appears to be real and substantial, and not merely colorable. This case falls within the exclusive appellate jurisdiction of the Missouri Supreme Court.[4] Accordingly, this Court lacks jurisdiction, and we are without the power to reach any issue in the case, including the respondents' motion to dismiss. As the Missouri Supreme Court has made clear, if the Supreme Court has exclusive appellate jurisdiction of a case, its jurisdiction extends to all issues in the case. *State ex rel. State Highway Commission v. Wiggins*, 454 S.W.2d 899, 902 (Mo. banc 1970); *State ex rel. Union Elec. Co. v. Public Service Com'n*, 687 S.W.2d 162, 165 (Mo. banc 1985); *see also Lopez*, 53 S.W.3d at 120.

Thus, as we lack jurisdiction, we order the case, including all pending motions, transferred to the Missouri Supreme Court where jurisdiction lies. Mo. Const. art. V, sec. 11.

KATHIANNE KNAUP CRANE, J., and GEORGE W. DRAPER, III, J., concur.

---

4. In response to our order directing the parties to file memoranda addressing whether the Missouri Supreme Court has appellate jurisdiction, the appellant acknowledged that the Missouri Supreme Court has appellate jurisdiction over the appeal. The respondents, however, did not address this Court's jurisdiction under article V, section 3, but simply argued that the appeal is not ripe for review. The respondents restated their position that since the trial court's order did not dispose of a discrete judicial unit, both this Court and the Supreme Court lack jurisdiction over this appeal.