UNITED C.O.D., Appellant,

v.

STATE of Missouri, et
al., Respondents.

No. SC 85537.

Supreme Court of Missouri,
En Banc.

Dec. 7, 2004.

Herman L. Jimerson, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maureen C. Beekley, Asst. Atty. Gen., St. Louis, Cynthia L. Hoemann, Patricia Redington, Associate County Counselor, Clayton, Patricia A. Hageman, Edward J. Hanlon, St. Louis, for respondents.

PER CURIAM.

United C.O.D. is a collective group of independent cab drivers and owners operating in the city and county of St. Louis. It filed suit challenging the validity of sections 67.1800 to 67.1822, RSMo Supp.2003.[1] These sections create a metropolitan taxicab commission. Pursuant to these sections, the commission adopted a code regulating vehicles for hire. The trial court enjoined the commission from applying the code's dress code provisions to persons who certify that they are subject to a religious mandate that prohibits or conflicts with full compliance. In all other respects the court denied relief to United, which appeals. This Court has jurisdiction. *Mo. Const. article V, section 3.* The judgment is affirmed.

---

1. Except as otherwise indicated, all statutory references are to RSMo 2000.

 United's first point asserts that the statutes violate various constitutional rights. To properly raise a constitutional question, one must: (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. *Callier v. Director of Revenue, State of Mo.*, 780 S.W.2d 639, 641 (Mo. banc 1989). A statute is presumed to be constitutional and will not be held to be unconstitutional unless it clearly and undoubtedly contravenes the constitution. Courts will enforce a statute unless it plainly and palpably affronts fundamental law embodied in the constitution. When the constitutionality of a statute is attacked, the burden of proof is upon the party claiming that the statute is unconstitutional. *Adams By and Through Adams v. Children's Mercy Hosp.*, 832 S.W.2d 898, 903 (Mo. banc 1992). This Court will resolve doubts in favor of the procedural and substantive validity of an act of the legislature. *Hoskins v. Business Men's Assur.*, 79 S.W.3d 901, 904 (Mo. banc 2002).

 As to an equal protection challenge, the first step is to determine whether the challenged statutory classification operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution. If so, the classification is subject to strict judicial scrutiny to determine whether it is necessary to accomplish a compelling state interest. Otherwise, review is limited to a determination of whether the classification is rationally related to a legitimate state interest. *In re: Marriage of Kohring*, 999 S.W.2d 228, 231–32 (Mo. banc 1999).

 A class receiving heightened scrutiny in equal protection analysis includes race, alienage, national origin, gender, and illegitimacy. As for fundamental rights, those requiring strict scrutiny are the rights to interstate travel, to vote, free speech, and other rights explicitly or implicitly guaranteed by the Constitution. *In re Marriage of Woodson*, 92 S.W.3d 780, 784 (Mo. banc 2003). United fails to identify any of these suspect classifications or fundamental interests.

 As to the rational basis for the statutes, there only need be a conceivably rational basis to uphold the regulatory scheme. *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211. A legislative choice "is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data." *Id.* The statutes are conceivably rationally related to regulating part of the public transportation system and improving the quality of the system. *See Ex parte Lockhart*, 350 Mo. 1220, 171 S.W.2d 660 (1943).[2]

 In its second point, United contends that the statutory powers seek to achieve "what was beyond their power because it could not be realized by any exercise of specific powers granted by the constitution." The Missouri constitution, unlike the federal constitution, however, does not make specific grants of legislative power to the General Assembly, but rather specifies limits on its power. *Americans United v. Rogers*, 538 S.W.2d

---

**2.** United's other constitutional claims are similarly without merit or inadequately preserved.

711, 716 (Mo. banc 1976). United fails to identify any constitutional limitation applicable to this case.[3]

As its third point on appeal, United contends the trial court has not entered a final judgment.[4] The court found that United had failed in its burden of proof as to the contested statutes, code and regulations, except as to the dress code, and entered judgment for respondents accordingly. To the extent United wanted additional findings or an opinion containing a statement of the grounds for the court's decision, it was required to file a request with the court prior to the introduction of evidence at trial. *Rule 73.01(c)*. The record does not contain any such request.

■ For its final point, United contends the members of the regional taxicab commission, created by the relevant statutes, have a vested interest in the success of the commission which will adversely affect United's members. Section 67.1806.2, RSMo Supp.2003, requires four representatives of the taxicab industry to be appointed to the nine-member commission. United provides no meaningful authority for its position. It is not uncommon for members of a regulatory body to be engaged in the profession. *See, e.g.,* section *324.063* (occupational therapists to serve on Missouri board of occupational therapy); *section 326.160* (certified public accountants to serve on state board of accountancy); *section 328.030* (registered and practicing barbers to serve on barber board); *section 329.190* (registered and licensed cosmetologists to serve on state board of cosmetology); and *Rule 8.01* (members of The Missouri Bar to serve on board of law examiners). To the extent a

conflict of interest may arise with a member of the board on a particular matter, section 105.452, which is applicable to the members of the board, requires the member to refrain from acting.

The judgment is affirmed.

WHITE, C.J., WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and RAHMEYER, Sp.J., Concur.

RUSSELL, J., not participating.

---

**3.** Other claims contained in the argument portion under this point are not limited to those errors included in the point relied on. *Rule 84.04(e)*. In any event, they are without merit.

**4.** If United did not believe the judgment was final, it, as the sole appellant, was free to dismiss its appeal at any time before submission of the case. *Rule 84.09*.