

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| WILLIAM D. HILL, | ) | No. ED101552 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | |
| | ) | |
| OLIVER "GLENN" BOYER, SHERIFF | ) | Honorable Timothy S. Miller |
| OF JEFFERSON COUNTY, MISSOURI, | ) | |
| | ) | Filed: June 16, 2015 |
| Respondent. | ) | |

## I. INTRODUCTION

William David Hill appeals the judgment of the Circuit Court of Jefferson County affirming the denial by Oliver "Glenn" Boyer, Sheriff of Jefferson County Missouri, of his application for a permit to carry a concealed firearm pursuant to section 571.101, R.S.Mo. (Cum. Supp. 2012). Section 571.101.2(3) provides that individuals who have been convicted of a felony punishable by more than one year in prison are ineligible for a concealed-carry permit. The trial court affirmed the denial of Hill's permit application, because Hill pleaded guilty to the felony of forgery, section 561.011, R.S.Mo. (1969) (repealed 1977), received a suspended sentence of two years' imprisonment, and was put on probation.

Relevant to our disposition on appeal, Hill argues that the trial court erred, because section 571.101 is unconstitutionally retrospective in operation pursuant to article I, section 13 of the Missouri Constitution. Because Hill challenges the constitutional validity of a state statute,

the Missouri Supreme Court has exclusive jurisdiction over this appeal. Mo. Const. art. V, section 3. We therefore transfer Hill's appeal to the Missouri Supreme Court.[1]

## II. DISCUSSION

"This court has the duty of examining our jurisdiction in every case." *Sharp v. Curators of Univ. of Mo.*, 138 S.W.3d 735, 737 (Mo. App. E.D. 2003). "In examining our jurisdiction . . . we look first to the jurisdiction granted this Court under the Missouri Constitution." *Id.* Article V, section 3 of the Missouri Constitution provides that "[t]he [Missouri] supreme court shall have exclusive appellate jurisdiction in all cases involving the validity . . . of a statute . . . of this state."

Hill challenges the validity of a state statute. He argues that section 571.101's prohibition against issuing a concealed-carry permit to individuals who have been convicted of a felony punishable by more than one year in prison is unconstitutionally retrospective in operation pursuant to article I, section 13 of the Missouri Constitution. Specifically, he claims that it operates to deny him a concealed-carry permit, despite the fact that he was "restored [to] all the rights and privileges of citizenship" pursuant to the former section 549.111.1, R.S.Mo. (1969) (repealed 1977), two years after his felony conviction. He contends that section 571.101 is a civil regulatory scheme that impairs his vested right in having had his rights and privileges of citizenship restored, and that the operation of this law imposes a new disability on him. *See Mo. Real Estate Comm'n v. Rayford*, 307 S.W.3d 686, 690 (Mo. App. W.D. 2010) (explaining law is

---

[1] We note Hill also argues, inter alia, that section 571.101 has been invalidated by the recently amended article I, section 23 of the Missouri Constitution, which became effective after the trial court's final judgment, but before this appeal could be heard. Though the issue of article I, section 23 was not before the trial court, Hill contends that this Court must apply the law as it exists at the time of this appeal. However, we need not determine whether this additional constitutional claim is preserved, and therefore falls within the exclusive jurisdiction of the Missouri Supreme Court. As we will explain, Hill's claim that section 571.101 is unconstitutionally retrospective *is* preserved, and requires that we transfer this case regardless. *See Estate of Potashnick*, 841 S.W.2d 714, 718 (Mo. App. E.D. 1992) ("If any point on appeal involves [the validity of a state statute], the entire case must be transferred to the Supreme Court." (citing *State ex rel. Union Elec. v. Pub. Serv. Comm'n*, 687 S.W.2d 162, 165 n.3 (Mo. banc 1985))).

unconstitutionally retrospective where, inter alia, it is civil in nature, and impairs a vested right or imposes a new disability).

However, our inquiry does not end there. "The mere assertion that a statute is unconstitutional does not alone deprive this Court of jurisdiction." *Sharp*, 138 S.W.3d at 737. "If the appellant's claim regarding the constitutional validity of [a statute] has not been properly preserved for appellate review, jurisdiction would be in this Court, rather than the Supreme Court." *Id.* at 738. "And, the Supreme Court will not entertain the appeal if the allegation is pretextual; that is, the allegation concerning the constitutional validity of the statute must be real and substantial for jurisdiction to vest in the Supreme Court." *Id.* "If the challenge is merely colorable, this Court has jurisdiction." *Id.*

We first address the issue of preservation. "To properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process." *Id.* Additionally, the issue must have been presented to and ruled upon by the trial court. *Id.* "This rule is necessary to prevent surprise to the opposing party and to allow the trial court the opportunity to identify and rule on the issue." *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697, 701 (Mo. banc 2008). "The rule allows parties to have a full and fair opportunity to litigate significant issues as early and as inexpensively in the litigation process as possible." *Id.* However, "[t]he purpose of the rule is not to prevent parties from litigating issues that arise during the course of a lawsuit if there is no prejudice to the opposing party." *Id.*

Here, the record shows that Hill raised the claim that section 571.101 is unconstitutionally retrospective during trial, rather than in his pleadings. Boyer objected on the basis that constitutional issue must be raised at the earliest opportunity. Nevertheless, the trial court overruled Boyer's objection, and exercised its discretion to hear Hill's argument. At the

trial court's request, the parties then filed briefs addressing this issue. After reviewing the parties' briefs, the trial court ruled that section 571.101 was not unconstitutionally retrospective in application.

On appeal, both Hill and Boyer agree that they had a full and fair opportunity to litigate Hill's constitutional claim. They observe that the trial court had the opportunity to hear arguments, review briefs, and rule on the claim. Accordingly, both parties assert that the claim was properly preserved for appellate review. As our own review of the record has revealed nothing to suggest that Hill caused prejudice by raising his claim when he did, and the trial court exercised its discretion to review and decide it, we agree with the parties that the claim was preserved. Therefore, we move next to the issue of whether Hill's claim is real and substantial.

Hill's claim is real and substantial, if:

> upon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*Sharp*, 138 S.W.3d at 738 (quoting *Potashnick*, 841 S.W.2d at 718). "One clear indication that a constitutional challenge is real and substantial and made in good faith is that the challenge is one of first impression with this Court." *Id.* (quoting *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 52 (Mo. banc 1999)).

Here, as we have explained, Hill argues that section 571.101 is unconstitutionally retrospective in operation pursuant to article I, section 13 of the Missouri Constitution, because it operates to deny him a concealed-carry permit, despite the fact that he was "restored [to] all the rights and privileges of citizenship" pursuant to the former section 549.111.1 two years after his felony conviction. The validity of a law restricting a felon's right to carry a concealed firearm,

4

where said felon has been restored to all rights and privileges of citizenship by a prior law, is a question that has never been addressed by a Missouri court. Further, it is not "so obviously unsubstantial and insufficient . . . as to be plainly without merit." *Sharp*, 138 S.W.3d at 738 (quoting *Potashnick*, 841 S.W.2d at 718). Accordingly, Hill's constitutional claim is real and substantial, not merely colorable.

### III. CONCLUSION

Hill's appeal involves a challenge to the constitutional validity of a Missouri statute. This claim was properly preserved for appellate review, and is real and substantial. Therefore, the Missouri Supreme Court has exclusive jurisdiction over this appeal. Mo. Const. art. V, section 3. We transfer Hill's appeal to the Missouri Supreme Court.

_____
Lisa S. Van Amburg, Judge

Lawrence E. Mooney, P. J. and
Clifford H. Ahrens, J. concur.

5