

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| SUSAN F. BRIDEGAN, | ) | *Opinion issued June 27, 2023* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99700 |
| | ) | |
| GARY L. TURNTINE, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable John M. Torrence, Judge

Susan Bridegan ("Bridegan") filed a lawsuit in the Jackson County circuit court, alleging she suffered injuries as the result of a motor vehicle accident with Gary Turntine ("Turntine"). At the time of the accident, Bridegan was an uninsured motorist prohibited from collecting noneconomic damages pursuant to section 303.390.[1] Bridegan

---

[1] Unless otherwise noted, all statutory references are to RSMo 2016. Section 303.390.1 provides:

> An uninsured motorist shall waive the ability to have a cause of action or otherwise collect for noneconomic loss against a person who is in compliance with the financial responsibility laws of this chapter due to a motor vehicle accident in which the insured driver is alleged to be at fault.

In such cases, "[a]ny award in favor of [an uninsured motorist] shall be reduced by an amount equal to the portion of the award representing compensation for noneconomic losses[.]" § 303.390.3(1). Section 303.390's prohibition does not apply in cases in

challenged the constitutional validity of this provision, claiming its bar to her recovering noneconomic damages violates her right to a jury trial as protected by article I, section 22(a) of the Missouri Constitution. The circuit court repeatedly rejected Bridegan's argument. Bridegan appeals, and this Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution. The circuit court's judgment is affirmed.

## Background

In April 2019, Bridegan and Turntine were involved in a collision when Turntine ran a red light near the intersection of Main Street and Interstate 49 in Grandview, Missouri. Bridegan filed her Petition in October 2019 alleging that, as a result of the accident, she suffered injuries to her head and spine, pain and suffering, and mental anguish. In his Answer, Turntine asserted, as an affirmative defense, that section 303.390 bars Bridegan from collecting noneconomic damages, i.e., damages for pain and suffering and mental anguish, because she was an "uninsured motorist"[2] at the time of the accident.

---

which the alleged tortfeasor: (1) operated the vehicle under the influence; (2) was convicted of involuntary manslaughter; or (3) was convicted of second-degree assault. § 303.390.1. Additionally, the prohibition does not apply to passengers of the uninsured motorist involved in the accident. § 303.390.5.

[2]  Section 303.390 defines an "uninsured motorist" as: "(1) An uninsured driver who is the owner of the vehicle; (2) An uninsured permissive driver of the vehicle; and (3) Any uninsured nonpermissive driver." § 303.390.1(1)-(3). The parties do not dispute that Bridegan qualified as an uninsured driver for purposes of the statute; she was uninsured at the time of the accident and was the lawful owner of the vehicle she was driving involved in the accident.

Bridegan moved to strike Turntine's affirmative defense, arguing section 303.390 violated her right to trial by jury protected by article I, section 22(a) of the Missouri Constitution. The circuit court overruled Bridegan's motion and subsequent motion for reconsideration. The parties then mutually agreed to proceed to a bench trial. At the beginning of trial, Bridegan once again renewed her motion to strike Turntine's affirmative defense as unconstitutional, and the circuit court once again overruled her motion. Bridegan then asked the circuit court to find Turntine liable and award her $10,737 for medical bills incurred as a result of the accident.[3] Bridegan did not offer evidence of noneconomic damages or ask the circuit court to make a finding that she had, in fact, sustained such damages or in what amount. In June 2022, the circuit court entered judgment in favor of Bridegan, awarded her economic damages for her medical bills, but again overruled her renewed motion to strike Turntine's affirmative defense regarding section 303.390.[4] Bridegan timely appealed.

---

[3]   In its judgment, the circuit court clarified that Bridegan did not seek economic damages for the value of her vehicle because Turntine's insurance carrier had already reimbursed her for those damages.

[4]   At trial, and again in its judgment, the circuit court suggested it was without authority to sustain Bridegan's constitutional challenge to section 303.390 because "Article V, Section 3 of the Missouri Constitution grants exclusive jurisdiction to the [] Supreme Court to decide a challenge to the validity of a Missouri statute[.]" The circuit court plainly misspoke. The cited constitutional provision vests only exclusive *appellate jurisdiction* in this Court when a case involves the constitutional validity of a state or federal law. These claims, however, must always be presented to and decided by the circuit court in which the question arises before this Court can review that decision on appeal. *See* Mo. Const. art. V, sec. 14 (providing circuit courts have jurisdiction over "all cases and matters, civil and criminal").

**Standard of Review**

"This Court reviews constitutional challenges *de novo*." *Lewellen v. Franklin*, 441 S.W.3d 136, 143 (Mo. banc 2014). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision." *Rentschler v. Nixon*, 311 S.W.3d 783, 786 (Mo. banc 2010). As the challenger, Bridegan has the burden of proving section 303.390 "clearly and undoubtedly contravenes the [Missouri] [C]onstitution." *United C.O.D. v. State*, 150 S.W.3d 311, 313 (Mo. banc 2004).

**Analysis**

This Court need not address Bridegan's constitutional argument challenging the validity of section 303.390 because she failed to preserve that question for appellate review. To properly preserve a constitutional question, the party seeking to raise the question must:

> (1) raise the constitutional question at the first available opportunity;
> (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

*Id*.

Here, Bridegan followed the first three steps. First, she raised the question at her earliest opportunity by moving to strike Turntine's affirmative defense shortly after he filed his Answer. Second, Bridegan specifically invoked article I, section 22(a) in her motion as the constitutional provision she claims section 303.390 violates, and she cited the relevant cases from this Court bearing on that question. Finally, Bridegan alleged in her motion the facts she believes demonstrate this alleged violation.

4

Even though Bridegan plainly complied with the first three steps, she just as plainly failed to "preserve the constitutional question ***throughout*** for appellate review." *Id*. (emphasis added). Bridegan argues she did so by presenting this issue in her motion to strike and at other times leading up to, during, and after trial. This is true, but Bridegan fails to account for her waiver of the right to a jury trial and the effect this had on the preservation of her claim that section 303.390 violates that same right.

Bridegan does not dispute she waived her right to a jury trial, nor could she. This Court has said "[t]he right to a jury trial in a civil action for damages is a personal right that may be waived," and section 510.190.2 "sets forth the exclusive methods of waiver." *Holm v. Wells Fargo Home Mortg., Inc.*, 514 S.W.3d 590, 600 (Mo. banc 2017) (emphasis omitted). Section 510.190.2 states a party may waive the right to a jury trial by: "(1) [] failing to appear at the trial; (2) [] filing with the clerk written consent in person or by attorney; (3) [] oral consent in court, entered on the minutes; [and] (4) [] entering into trial before the court without objection." Bridegan does not dispute she consented to a bench trial in open court during a July 2021 case management conference. In doing so, she waived her constitutional right to a jury trial and is bound by that waiver. As a result of that waiver, Bridegan necessarily abandoned her claim that

section 303.190 violated that same right.[5]  Accordingly, this Court declines to reach the merits of whether section 303.390 violates article I, section 22(a).[6]

## Conclusion

For the reasons set forth above, the judgment of the circuit court is affirmed.

_____
Paul C. Wilson, Chief Justice

Russell, Powell, Breckenridge, Fischer
and Ransom, JJ., concur;
Draper, J., dissents without opinion.

---

[5]  It should also be noted that, even had she not waived her right to a jury trial, Bridegan's decision not to offer any evidence of noneconomic damages or ask for a finding that she did, in fact, suffer them and in what amount likely would have prevented this Court from reaching the merits of her claim that the provision in section 303.390 prohibiting her from recovering such damages violates her constitutional right to a jury trial.

[6]  This Court declines to engage in plain error review of Bridegan's constitutional claim because she failed to request such review and, even if she had, it "is rarely granted in civil cases." *Williams v. Mercy Clinic Springfield Cmtys.*, 568 S.W.3d 396, 412 (Mo. banc 2019).  Moreover, a plea for plain error review would have to show "the trial court committed error that is evident, obvious and clear and where the error resulted in manifest injustice or a miscarriage of justice." *Id.* (internal quotation marks omitted).  A manifest injustice or miscarriage of justice is one that is "so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Id.* (internal quotation marks omitted).  The circuit court's rejection of Bridegan's constitutional challenge does not rise to that level given that the constitutional validity of section 303.390 had never previously been challenged or ruled upon.

6